CRAIN, Judge.
The matter before us involves an appeal from a judgment on a rule to tax cost filed by plaintiff-appellant. The matter grows out of a prior proceeding which was held before this court. In the prior proceeding the plaintiff was awarded judgment in the trial court and defendants, Joseph Garlotte and Travelers Insurance Company, appeal *876 ed. A motion to dismiss the appeal was subsequently filed by the plaintiff-appellant and was granted by this court. The Supreme Court reversed this court’s order and remanded to us for decision on the merits. Subsequently, we reversed the trial court and costs were assessed against the plaintiff-appellee. Writs were applied for and refused, making the judgment final.
Subsequently, the defendant-appellees filed this suit in the form of a rule to show cause to tax the cost incurred in the litigation. The trial judge rendered a judgment taxing the plaintiff for all costs previously paid by the defendant. From this decision, this appeal has been taken.
An examination of the record lodged on appeal reveals that no evidence was presented to the trial court regarding the costs. Although it was agreed between the parties in the lower court that the defendant-appellees paid a certain amount as costs in response to a bill of the Clerk of Court, not even the clerk’s bill was introduced into evidence. Consequently, the trial court had no evidence before it to decide the issues presented for its determination.
It is well settled under our law that where the record is void of evidence to form a basis for review and when the interest of justice is served thereby, the appellate court will order a remand for the introduction of additional evidence so as to complete the record and afford the appellate court sufficient facts upon which to make a determination. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952). We feel that a remand would serve the interest of justice in this matter. Therefore, we order that this matter be remanded to the trial court for the introduction of evidence regarding the various items claimed to be cost and the amount allowed for these items.
Reversed and remanded.