HALL, Judge.
John Robert Dowler filed a petition for final divorce on the grounds of no reconciliation between the spouses for a period of more than one year and sixty days from the date of a judgment of separation granted in favor of his wife, Jean Baker Dowler. Mrs. Dowler answered, admitting her husband’s entitlement to a final divorce, and reconvened for alimony. In answer to the reconventional demand, Mr. Dowler alleged Mrs. Dowler was not without fault constituting a contributory cause of the parties’ separation, said fault having been shown at the trial of the separation suit.
At the trial of the instant proceeding, evidence was offered as to the lack of reconciliation since the judgment of separation and as to the income and expenses of the parties. No evidence was offered by either party relative to the issue of the wife’s fault. Judgment was rendered granting the divorce and awarding Mrs. Dowler alimony in the amount of $100 per month.
Mr. Dowler appealed and makes the following specifications of errors:
“1. The Trial Judge erred in awarding permanent alimony when no evidence whatsoever was adduced showing the applicant, Mrs. Dowler, was without fault, such as would bar her from permanent alimony.
“2. The Trial Judge erred in finding Mrs. Dowler had insufficient means for her support.”
In support of his first specification of error, appellant argues that under LSA-C. C. Art. 160, the wife is not entitled to permanent alimony after divorce unless she has not been at fault and the wife has the burden of proving her freedom from fault, citing Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir. 1970). Appellant points out that no part of the record in the separation proceedings was offered into evidence in the divorce proceedings and contends that the wife has, therefore, failed to prove she was not at fault.
The divorce proceedings were filed under the same style and number as the separation proceedings. The petition alleges and the answer admits there was a separation judgment rendered in favor of the wife. Undoubtedly the district judge had the record of the separation proceedings before him at the trial of the divorce action, and in spite of the appellant’s allegation concerning the wife’s fault, no issue was made at the trial concerning fault. It seems almost apparent that the wife was awarded a separation on some fault grounds, which under the recent decisions of the Louisiana Supreme Court in Fulmer v. Fulmer, 301 So.2d 622 (La.1974) and Frederick v. Frederick, 302 So.2d 903 (La.1974) bars relitigation of the fault issue as it relates to alimony after divorce. Never theless, the record before us on appeal does not show the grounds on which the separation judgment was rendered. On the record before us, we are not in a position to adjudicate the issue raised by appellant. The ends of justice would best be served by remanding the case for the reception of additional evidence as to the grounds for the separation judgment. LSA-C.C.P. Art. 2164; Martin v. Garlotte, 285 So.2d 875 (La.App. 1st Cir. 1973); Turpin v. Turpin, 175 So.2d 357 (La.App. 2d Cir. 1965); Merrimach Mutual Fire Insurance Co. v. Radalec, Inc., 126 So.2d 848 (La.App. 2d Cir. 1961).
In support of his second specification of error, appellant contends Mrs. Dowler failed to prove she did not have “sufficient means for her support” as required by LSA-C.C. Art. 160 and questions the amount fixed by the district court.
*873 The evidence shows appellant has earnings of $732.52 per month and appellee has earnings of $306 per month. Appellant estimated his expenses at $925.03 per month, and appellee estimated hers at $551.38. The district court found appellee’s estimate of her expenses to be realistic, accurate and conservative, while finding appellant’s estimate to be excessive and inflated.
Our review of the evidence reveals no abuse of the district court’s discretion in establishing the amount of alimony.
For the reasons assigned, this cause is hereby remanded to the district court for further proceedings consistent with this opinion and in accordance with law. Costs of the appeal are assessed to the appellant.
Remanded.