SAVOY, Judge.
Plaintiff obtained a separation from bed and board from his defendant wife on January 31, 1968, on the ground of abandonment. Defendant reserved the right to show she was not at fault so as not to foreclose her rights to claim alimony under LSA-C.C. Article 160 whenever the suit for final divorce should be filed and decided by the district court. By stipulation of the parties plaintiff agreed to pay to defendant the sum of $220.00 per month for her support and for the support of three children born of the marriage. At the time of the separation decree the defendant was not working.
In the instant matter plaintiff filed a suit for final divorce on the grounds that more than one year and sixty days had elapsed since the separation, and coupled with his petition a rule to reduce the support to the wife for herself and for the one minor child remaining with defendant during the pendency of the divorce proceeding. In this petition plaintiff alleges that since the separation decree only one child is presently living with defendant, and that she is employed at a salary of $63.50 per week in addition to $10.00 per week allowed for travel expenses.
After a hearing on the rule the district judge refused to allow the reduction in support payments, and dismissed the rule. Plaintiff has appealed.
The record reveals that plaintiff was injured on the job, and he will be temporarily disabled. The injury, while not detailed, does not appear to be of a serious nature.
*595 When plaintiff is working his take home pay is $560.00 per month, less living expenses which he did not itemize at the hearing. Defendant and her daughter testified that their combined living expenses totaled $733.00 per month. This was not verified and appeared to this Court to be grossly inflated.
Under LSA-C.C. Article 148 if the wife does not have sufficient income for her maintenance during the pendency of a suit for separation or divorce, the judge shall allow her a sum proportionate to her needs and to the means of her husband.
Since the separation decree the position of the plaintiff has not changed. He still has an income of $560.00 per month. The wife’s condition, however, has changed for the better. She has only one child to support and has an income of approximately $200.00 per month after taxes.
We are of the opinion that plaintiff is reasonable in demanding a reduction in alimony for the defendant and the child living with her.
We are reluctant to disturb the ruling of the trial judge; but considering all of the circumstances of the case, we are of the opinion that a reduction from $220.00 to $175.00 per month would be more in keeping with the respective incomes of the parties.
The reduction in alimony is to be effective as of the date of the district court judgment dismissing the rule, namely, October 3, 1969.
For the reasons assigned the judgment of the district court is amended by reducing the support to which defendant is entitled under the provisions of LSA-C.C. Article 148 from the sum of $220.00 per month to the sum of $175.00 per month, effective October 3, 1969.
Costs of these proceedings to await final determination of the divorce proceedings.
Amended.