288 So.2d 86 (1974)
Mildred PARKER, wife of John W. McDANIEL
v.
John W. McDANIEL.
No. 5937.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
*87 The Law Office of Emile L. Turner, Jr., Emile L. Turner, Jr., David M. Packard, New Orleans, for defendant-appellant.
Scariano & McCranie, George Scariano, Burgess E. McCranie, Jr., New Orleans, for plaintiff-appellee.
Before SAMUEL and GULOTTA, JJ., and MARCEL, J. Pro Tem.
GULOTTA, Judge.
This is an appeal by a defendant husband from a judgment reducing alimony and support of children.[1] The husband filed a rule to terminate alimony and reduce the support. The wife responded with a rule to increase. A reduction in the alimony award was granted from $175.00 per month to $170.00 per month. The child support was also reduced to the same extent. Defendant, on appeal, claims that the amount of reduction for support is inadequate. He further claims the alimony award should be terminated.
The thrust of defendant's argument is that the wife is now gainfully employed earning $204.00 per month and is, therefore, not in necessitous circumstances. The alimony award, according to defendant, should be set aside. The husband further contends the original child support decree was for the support of three minor children. However, one of the three children has attained 19 years of age and is no longer a minor. According to defendant, the support award should be reduced to the extent of one-third, or the sum of $58.00 per month.
Plaintiff wife does not appeal from the dismissal of her rule to increase. She seeks to have the judgment affirmed. It is her contention that while she is now gainfully employed and one child is not now a minor, the cost of living expenses have so increased that any further reduction would result in financial hardship. In response to the husband's suggestion that the support award should be reduced to the extent of one-third ($58.00 per month), Mrs. McDaniel argues that the award did not specify $58.00 per month for each child, but $175.00 per month for the support of the three minor children. We agree.
The trial of the rule for reduction of child support requires a new determination of the needs of the remaining two minor children, as well as the husband's ability to pay. Because one child reaches the age of majority does not necessarily result in a reduction of a proportionate share of the support award. The age of the other children, as well as other circumstances must again be re-evaluated. In the instant case, while no substantial reduction was made in the support award, we cannot say that the trial judge erred. In oral reasons, the judge indicated that he must consider the rise in the cost of living and its effect on the increasing costs for the support of children. In this connection, it is significant to point out that the original support award in the sum of $175.00 was set in October, *88 1971. The judgment reducing the child support was rendered in April, 1973. Of further significance is the fact that the remaining minor children are now ages 15 and 16 years. The wife testified further that she averages approximately $40.00 per month in medical expenses (in addition to the other usual expenses) because of an asthmatic condition suffered by one child and because both boys have "very bad eyes." Mrs. McDaniel further stated that she incurs large drug bills. A reduction from $175.00 per month to $170.00 per month for the support of the two children is reasonable under the circumstances.
While we find no error in the amount of reduction in child support, we come to a different conclusion regarding the amount of the alimony reduction. The record supports defendant husband's claim for substantial relief in this respect. The minimal reduction in the sum of $5.00 per month in the alimony award constitutes error in this case. The wife's financial condition has materially changed between the time of the original alimony decree and the present one. Mrs. McDaniel is now employed earning a net salary of $204.00 per month. She is residing in a rent-free home, free also from mortgage payments. The husband's total income is $634.18. This is made up of retirement in the sum of $584.18, as well as averaged additional earnings of $50.00 per month. Were we to allow the present alimony award to remain in effect, the income of the wife (for herself) amounts to:

$204.00monthly salary
+170.00alimony award
_______
$374.00

as compared to the defendant husband's net monthly income:

$634.18retirement and supplemental income
-170.00child support
-------
$464.68
-170.00alimony award
_______
$294.68

This results in an undue financial hardship on the husband. In lieu of the $5.00 per month reduction in the alimony award, we conclude that $60.00 per month reduction in alimony is reasonable under the circumstances.[2]
Accordingly, that part of the judgment reducing the alimony award to the wife from $175.00 to $170.00 per month is amended to provide alimony for the wife in the sum of $115.00 per month. As thus amended, and in all other respects, the judgment appealed from is affirmed.
Amended and affirmed.
NOTES
[1] A suit for judicial separation was filed by the wife. No judgment of separation has been granted. The original alimony award was in the sum of $175.00 per month. The initial award for the support of the children, ages 13, 15 and 16 (at that time) was $175.00 per month.
[2] See Miller v. Malaise, 231 So.2d 594 (La.App.3rd Cir.1970).