REDMANN, Judge.
A divorced wife appeals from a change in custody of two of her three children and from termination of alimony for herself. We affirm.
The three children are now aged approximately 17,15, and 13 years. The family members have had more than their share of hurt, and apparently find it difficult even to express to one another the good will an outsider can plainly see they have towards each other, much less to express support for one another in their weaknesses and to rejoice in their strengths. Nevertheless, beneath their angry surface, despite the wounds they have inflicted on one another, there appears to remain a concern for one another that still affords hope for a reasonable recovery of parent-child normalcy in the future. One indication of that concern is parents’ and children’s willingness to provide and accept extended treatment, within institutions, which has been undertaken as a desperate, near-last resort. The mother has consented to and the father is paying for and the children are freely accepting one child’s staying at an institution in California near the father and another’s staying at an institution near New Orleans. The wife has also agreed to the third child’s staying with the father in California since a year before the trial of this rule, with the hope that the child will be happier there. The father’s rule for and the trial judge’s granting of a change in legal custody were based upon the fact that two of the children are and have for a long time been in California. The father is in fact the logical person to whom to entrust their legal custody for the time being, since the mother is now so far removed from them, by her own act of good will towards them. The mother does, by another act of concern for the institutionalized child in California, oppose the change of custody because she now opposes the child’s continued stay in the California institution and proposes to place her in an institution at New Orleans, but she did not change institutions while she had custody and she has *1381 not shown the necessity for changing institutions. The change in custody here approved is, however, not one arising from a finding of unfitness on the part of the mother, but a purely technical change, and it will doubtless be so considered if reconsideration is necessary hereafter. The change is within the trial judge’s authority to act for the best interest of the children, see Fulco v. Fulco, 1971, 259 La. 1122, 254 So.2d 603, and the trial judge’s exercise of his discretion will ordinarily not be disturbed on review, Monsour v. Monsour, La. 1977, 347 So.2d 203. We therefore affirm the judgment on custody.
We also affirm the judgment on alimony. Alimony and child support for all three children had been fixed by consent at $524.50 twice monthly. One thus cannot say that the wife had alimony for herself alone in any specific amount. Bernhardt v. Bernhardt, La.1973, 283 So.2d 226, rules that alimony fixed by consent may not be modified in the absence of a change in circumstances. In our case, the circumstance is not new that the wife has substantial assets (well over $100,000, not counting mutual funds concerning which the trial judge rejected evidence as superfluous, and from which the wife obtained $20,000 cash to buy the husband’s half of their community property) and substantial income (over $6,800 annually from her individual Indian account with the Department of the Interi- or, plus the mutual funds income). But the circumstance is new that none of the three children now resides with the wife. Presumably the bulk of the $524.50 award was for child support, since the mother was so well able to support herself, and the small amount of alimony for the wife was a concession that her needs would be somewhat increased by the presence of the three children. We conclude that the change in circumstances justifies exclusion of the wife from the now $310 monthly award for support of the one child whose custody (but not physical presence) remains with the wife.
Affirmed.