382 So.2d 996 (1980)
Myrna Eschete GAUTREAUX
v.
Allen Anthony GAUTREAUX.
No. 13037.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*997 Keith M. Whipple, Houma, for plaintiff and appellee.
Danny J. Lirette, Houma, for defendant and appellant.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
Defendant, Allen Anthony Gautreaux, appeals from a judgment which ordered him to pay the plaintiff, Myrna Eschete Gautreaux, the amount of $7,050.00 for past due alimony and child support. The judgment also reduced the alimony to the wife from $500.00 to $250.00 per month.
In the instant case there were two children of the marriage, Duane Allen Gautreaux and Toni Sue Gautreaux, and custody of both children was, without contest, given to the mother in the separation decree on November 4, 1976. That judgment, by consent, fixed child support in the amount of $700.00 monthly in globo. In November, 1977, prior to the divorce decree, the mother voluntarily consented to the father taking physical custody of one of the children. The judicial award was not changed until the judgment of divorce on *998 September 1, 1978, when it was reduced to $350.00 per month "for the support of Toni Sue Gautreaux . . .".
On March 16, 1979, Mr. Gautreaux filed a rule to reduce the amount of his payments alleging, inter alia, that he has remarried, that his wife and her two stepchildren are living with him, that he is unable to pay the monthly sums, and that his former wife is no longer in necessitous circumstances. On April 5, the former wife filed a rule to make the arrearage executory and to increase the monthly award. On her motion, the rules were consolidated for trial.
There was entered into the record a "Narration of Facts Pursuant to Louisiana Code of Civil Procedure Article 2131," which reveals more details as follows:
"Allen Gautreaux and Myrna Gautreaux were divorced by Judgment dated September 1, 1978. Allen Gautreaux, by way of answer, consented to pay FIVE HUNDRED AND NO/100 ($500.00) DOLLARS per month alimony to his former wife. At the time of the consent judgment for alimony, Mr. Gautreaux was employed overseas. He earned $44,000 in overseas employment in 1977 and $70,000 in 1978. Myrna Gautreaux was not employed at this time.
"Myrna Gautreaux went to work November 1, 1978. Her net pay was and is $245.07 every two weeks.
"Plaintiff in rule, Allen Gautreaux, returned from overseas' employment in December 1978. Since then he has sought and found employment in south Louisiana. Mr. Gautreaux now earns approximately $2,160 per month gross in domestic employment.
"Allen Gautreaux remarried in February of 1979. His current monthly living expenses are approximately $1,000 to $1,200 without including his present obligation to pay child support of THREE HUNDRED FIFTY AND NO/100 ($350.00) DOLLARS per month and alimony of TWO HUNDRED FIFTY AND NO/100 ($250.00) DOLLARS per month to Myrna Gautreaux. Myrna Gautreaux's expenses are in the record as prepared by her for September of 1978. Myrna Gautreaux owns approximately $7,000 in jewelry. She owns 103 shares of First National Bank stock presently valued at $35.00 per share totaling $3,605.00. She has four (4) trailer spaces that are rented and one rent house that rents for $80 per month. The expenses and notes being paid by Mrs. Gautreaux are approximately equal to the income derived from the rental income. In the community property settlement of January 4, 1978, Myrna Gautreaux received the family home located on lots 7 and 8, block 3, Broadmoor Heights Subdivision and all furniture therein; a 1975 Cadillac, and four (4) lots in Allemand Subdivision. Attached hereto and made a part hereof are a copy of the community property settlement, a copy of Mrs. Gautreaux's savings account, copies of Mr. Gautreaux's income tax returns and a copy of Mrs. Gautreaux's records showing receipts of alimony and child support from Mr. Gautreaux.
"In November 1977 Allen Gautreaux got physical custody of Duane Allen Gautreaux with the consent of his wife and has had physical custody since that date. Mr. Gautreaux ex-parte reduced his child support payments to THREE HUNDRED FIFTY AND NO/100 ($350.00) DOLLARS after November 1977 until the judgment of divorce."
The original alimony award of $500.00 monthly was rendered with the consent of Mr. Gautreaux. This consent amounted to a judicial admission by him that Mrs. Gautreaux was entitled to alimony; therefore, when he filed his rule to reduce the alimony, it was incumbent upon him to prove that his or his wife's circumstances had substantially changed in order to obtain a reduction of the alimony. Loyacano v. Loyacano, 358 So.2d 304 (La.1978).
The appellant contends that there has been a change in both his and his wife's circumstances in that his earnings have been reduced from $70,000.00 to $26,000.00 annually, and that he has remarried; and in that Mrs. Gautreaux is now working, earning $245.07 every two weeks. There is no *999 evidence that her assets are productive of income, or could be reasonably liquidated.
It is axiomatic that the trial court has great discretion, under LSA-C.C. art. 160, in fixing the amount of alimony. The award will not be disturbed on appeal in the absence of a showing of an abuse of such discretion. Loyacano v. Loyacano, supra; Dowler v. Dowler, 304 So.2d 871 (La.App. 2 Cir. 1974).
Under all of the circumstances of this case, we find that the trial judge did exercise sound discretion, did not decide arbitrarily, and reached a reasonable and just result. His decision on the question of alimony was not contrary to the principles of law announced in Loyacano v. Loyacano, supra.
On the question of child support, the appellant contends that he had the right to unilaterally and ex parte take credit for one-half of the child support for the time during which he had physical custody of one of the two children.
The general rule is that a judgment for child support remains in full force and effect in favor of the party to whom it was awarded until the party held liable applies to the court and obtains a modification. Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2 Cir. 1978).
In Wisdom v. Wisdom, supra at 1113, the Court said:
"Where there is an in globo award of child support for more than one child, the father is not entitled, without seeking court modification of the judgment, to reduce the child support payments on a pro rata basis even where the child support is no longer due for one of the children because of majority or other reason."
In the case at bar, the judgment was an in globo award; the father, unilaterally and extrajudicially, attempted to reduce the child support payments by one-half. The law does not permit this.
The appellant cites the case of Caraway v. Caraway, 321 So.2d 405 (La.App. 2 Cir. 1975), writ denied, 323 So.2d 479 (La.1975), in support of Mr. Gautreaux's actions. In Caraway, the Court held the husband was entitled to credit on child support payments where, with the wife's consent, he had had physical custody of the only child of the marriage for an extended period of time. That case is factually distinguishable from the case before us. In Caraway, there was only one child; here, there were two children and only one was in the actual physical custody of the father.
Where the father has been ordered to make a periodic lump sum payment for the support of all of his minor children, the fact that one or more attains majority, or custody of one or more is changed to the father, does not necessarily mean that the father's obligation should be reduced ratably. It can not be presumed that the initial amount was necessarily fixed on the basis of an equal amount for each child. That would presuppose a fallacy; i. e., that the costs incurred in rearing two children is, ipso facto, twice as much as for one; this ignores the fact that certain basic costs, such as shelter, may well be as expensive for one child as for two. Before a reduction is granted there should be a new determination of the needs of the remaining minor children as well as the father's ability to pay. The circumstances must be reevaluated and the rule requiring the father to seek a judicial adjustment affords the court an opportunity for such reevaluation. Wallace v. Wallace, 316 So.2d 496 (La.App. 2 Cir. 1975).
Appellant argues that a notation on appellee's financial records of support indicates that there was an agreement between the parties that support "should be" $350.00 per month while Duane was with his father. However, the court is bound by the attorneys' Narration of Facts. It does not mention any such agreement. Rather, it recites, inter alia, that ". . . Mr. Gautreaux ex-parte reduced his child support payments . . .." (emphasis supplied)
Accordingly, we find that the trial court properly denied credit to the defendant for a pro rata portion of the child support payments *1000 due during the period of time in question.
The judgment of the trial court is affirmed at the appellant's costs.
AFFIRMED.