396 So.2d 403 (1981)
Juanita Bateman BLONDEAU
v.
Michael BLONDEAU.
No. 13972.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
*404 Gerard Kiefer, Baton Rouge, for plaintiff-appellee, Juanita Bateman Blondeau.
Steve Marks, Baton Rouge, for defendant-appellant, Michael Blondeau.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
This issue in this case is whether the prior alimony and child support award should be increased, decreased or allowed to remain as previously set.
Appellee Juanita Bateman Blondeau and appellant Michael Blondeau were legally separated by judgment of the trial court in May of 1979. Appellant was ordered to pay a total of $2,000 per month, $400 per month for each of the four minor children[1] and $400 per month alimony pendente lite. In June of 1979 the parties entered into a settlement agreement in the state of Georgia, whereby appellant agreed to continue to pay the same amount of alimony and child support. The document specifically provided he would pay such child support "until each said child reaches age 18, leaves the family home, dies, or becomes self-supporting, said amount ending thereby." The Georgia court granted a final judgment of divorce in July of 1979. The settlement agreement was made a part of the court's decree. No jurisdictional challenges have been made.
Each party subsequently filed a Rule Nisi in the court below. Appellant sought to have the support and alimony payments reduced; appellee sought to have them raised. The trial court noted the matter was to be considered as a redetermination of La.Civ.Code art. 160 alimony, rather than an initial determination. It stated the applicable standard for altering alimony and *405 support payments was whether or not there had been a change of circumstances for either party.
Appellant argued there had been a change in Mrs. Blondeau's circumstances because she was capable of earning an income but refused to do so. The court noted she had the same earning capacity at the time the amount of the alimony was set in the original agreement, therefore there had been no change.
Judgment was rendered ordering appellant to continue to pay a total of $2,000 per month as alimony and child support. The court recognized that one of the four children had become a major, therefore, by the terms of the agreement, payments to that child were no longer due. However, instead of reducing the amount owed by $400 a month, the court simply redistributed the total $2,000, granting $500 to each of the three minor children and $500 to appellee.
It is well established that in order to modify a judgment or consent decree awarding alimony and child support, the party seeking to modify the award must show there has been a change in circumstances of one of the spouses. La.Civ.Code art. 160; Sonfield v. Deluca, 385 So.2d 232 (La.1980); Ducote v. Ducote, 339 So.2d 835 (La.1976), rehearing denied 1976; Loyacano v. Loyacano, 358 So.2d 304 (La.1978), vacated on other grounds, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979); Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir. 1976). The trial court noted, and we thoroughly agree, appellant's obligation to make the support payments for the child who is now a major was terminated by the language of the agreement which was incorporated into and became a part of the Georgia divorce decree. Although this could be characterized as a change of circumstances justifying modification by $400 a month, we need not even reach that issue because the agreement clearly states the payments would end when the child reached majority. Therefore, by the terms of the Georgia decree, at the time of the trial of the Rule Nisi, appellant was obligated to pay $400 per month for each of the three minor children and $400 per month alimony, a total of $1,600 a month. Without giving reasons, the trial court increased the amount due each child to $500 a month and raised the alimony to $500 per month, as previously discussed.
The testimony taken at the hearing on the rule in June of 1980 shows Mrs. Blondeau did not even contend there had been a change in circumstances since July of 1979 when the amount of alimony and child support was originally set. Although there was undoubtedly a cost of living increase in the interim year, this alone is not sufficient cause for an increase in the alimony and support payments because any cost of living increase affects both parties. Ducote, supra; Fakouri v. Perkins, 322 So.2d 401 (La.App. 3d Cir. 1975); Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir. 1975), writ denied 1975. The Ducote court observed that the rate of inflation fluctuates every month so that it would be impossible for a court to arrive at an accurate figure to reflect this factor. There is simply no evidence in the record indicating Mrs. Blondeau's financial needs have increased substantially. The court erred in granting an increase without the requisite showing of change in circumstances, therefore we amend the judgment of the trial court as to the amount of the payment.
We also find Mr. Blondeau did not demonstrate a change in circumstances to justify reduction of his payments. His emphasis upon the amendment to Article 160 of the Civil Code (Act 72 of 1979, effective June 29, 1979), requiring the court to consider the earning capability of the claimant spouse, overlooks the stated guideline that it is to be done "in light of all other circumstances." Under the provisions of Article 160, the trial court must consider the totality of the circumstances affecting the parties. Many factors are set forth by Article 160. Notably, the court must consider the effect of custody of children upon the spouse's earning capacity. In this instance the trial court apparently considered the totality of the circumstances and we do not find the result to be an abuse of discretion.
The record indicates Mr. Blondeau earned approximately $75,000 in the year *406 1979. His estimated salary for 1980 was approximately $80,000. It is true Mr. Blondeau has remarried and now supports a wife and three minor children. The recent jurisprudence has recognized that additional expenses resulting from the husband's remarriage are a factor to be considered in determining whether the alimony should be reduced. Sonfield, supra; Powell v. Powell, 344 So.2d 453 (La.App. 2d Cir. 1977). But the fact of remarriage in this case, standing alone, does not negate Mr. Blondeau's obligation to support his children and his ex-wife. Considering Mr. Blondeau's substantial salary, we do not find any change in circumstances which justifies reducing the amount of money paid to his children and ex-wife.
For the foregoing reasons we amend the judgment of the trial court to the extent appellant is ordered to pay appellee the sum of $1,600 per month alimony and child support, allocating $400 per month for each of the three minor children and $400 per month for petitioner, payable in semi-monthly installments of $380 each. In all other respects the judgment is affirmed.
The litigants are each to pay one half of the costs of these proceedings.
AMENDED IN PART; AFFIRMED IN PART.
NOTES
[1] The Blondeaus have five children. One was a major at the time of the separation judgment.