415 So.2d 431 (1982)
Marcia Ann GRAND
v.
John Douglas GRAND.
No. 14796.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*432 Lawrence B. Shallcross, Jr., Baton Rouge, for plaintiff-appellee Marcia Ann Grand.
Stephen C. Riedlinger, Baton Rouge, for defendant-appellant John Douglas Grand.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
Appellant, John Douglas Grand, and appellee, Marcia Ann Grand, were divorced on November 25, 1980. Custody of the five minor children born of their marriage was awarded to appellee. The parties' stipulation that appellant was to pay the sum of $300.00 per week child support was incorporated into the divorce judgment.
On April 14, 1981, appellant filed a rule to change custody of his son, Warren Douglas Grand, from appellee to himself and to discontinue payments to appellee for the support of the child.
After a hearing was held on June 11, 1981, judgment was rendered, granting permanent custody of Warren Douglas Grand to appellant, but rejecting his request for a reduction in the amount of child support to be received by appellee. Judgment was signed accordingly on June 12, 1981.
Appellant has perfected a devolutive appeal only from that portion of the trial court judgment rejecting his request for a reduction in the amount of child support to be received by appellee. The only issues, therefore, are whether or not appellant is entitled to a reduction in the amount of child support he is obligated to pay; and, if he is entitled to a reduction, the amount thereof.
Warren Douglas Grand began living with his father sometime in March of 1981. He was sixteen years of age at that time. The trial court felt that despite the absence of Warren from the household, appellee's expenses for raising four children would remain the same as for five children, except for the amount spent for Warren's food. The court stated that particular expense did not amount to much and thus denied any reduction in child support.
To fulfill appellant's child support obligation, the parties had agreed by stipulation, which was incorporated into the divorce judgment, to an arrangement whereby appellant would purchase certain certificates of deposit from which appellee would draw $300.00 per week until the funds from the certificates were exhausted. Although it is unclear from the record exactly when these funds will be depleted, they apparently have not as yet been exhausted. After the depletion of these funds the stipulation, and the divorce judgment, calls for appellant to pay support in the amount of $60.00 per week per child. Appellant thus seeks a reduction of $60.00 per week due to the transfer of custody of Warren, on the grounds that the child support award was calculated on that basis.
No evidence was offered by either party to show their current earnings or expenses or those necessary for the support of the minor children involved.
When an in globo award of child support has been made for several children, the fact that one child is no longer entitled to child support, even as a matter of law, or that custody of one child has been changed from one parent to the other does not necessarily entitle the parent paying child support to a reduction in the amount of child support he is obligated to pay. Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir. 1980); Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1st Cir. 1980); McDaniel v. McDaniel, 288 So.2d 86 (La.App. 4th Cir. *433 1974). Before the granting of such a reduction, a redetermination of the needs of the other children should be made. Gautreaux v. Gautreaux, supra; Wallace v. Wallace, 316 So.2d 496 (La.App. 2d Cir. 1975); McDaniel v. McDaniel, supra. There are many factors such as the ages of the children, special medical problems, or educational needs which may warrant an increase in child support. It may well be that their financial needs have increased to such an extent since the time of the original award so as to off-set any reduction which might otherwise be appropriate. Blankenship v. Blankenship, supra; Bordelon v. Bordelon, 380 So.2d 110 (La.App. 1st Cir. 1979).
However, even if the court concludes that there are no circumstances justifying such an increase, the parent who has received custody of one child and who is paying support for the children retained in the custody of the other parent is not necessarily entitled to a pro rata reduction in the amount he is required to pay. Gautreaux v. Gautreaux, supra; Wallace v. Wallace, supra; McDaniel v. McDaniel, supra. There is no requirement that an equal amount of child support be awarded for each child. Moss v. Moss, 379 So.2d 1206 (La.App. 3d Cir. 1980). Thus, where an in globo award of child support has been made, it cannot automatically be presumed that equal amounts were awarded for each child. Gautreaux v. Gautreaux, supra; Wallace v. Wallace, supra.
It is probably safe to say that no two children have exactly the same financial needs. There are a multitude of factors, which vary from child to child, such as age, emotional and physical health, and educational needs, which necessitate such a conclusion. Additionally, there are certain expenses which often remain the same despite the fact that one child has moved from the home. An example of one such expense is that required for housing. Gautreaux v. Gautreaux, supra. Thus, in order to determine what reduction of an in globo award is appropriate when custody of one child has been transferred from one parent to the other, it is necessary to examine the individual needs of that child in relation to the total amount of child support awarded. It may be that the needs of the particular child for whom custody has been changed do not amount to what would be a pro rata share of the total award.
A modification of a child support award is appropriate only where there has been a change in circumstances justifying it. Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir. 1981). In the present case, the change in circumstances upon which appellant relies to justify a reduction in his child support obligation is the change of custody of his eldest son, Warren, from appellee to himself. Such a change in custody is usually considered sufficient to warrant a modification of an award of child support. Blondeau v. Blondeau, supra; Smith v. Smith, 357 So.2d 1380 (La.App. 4th Cir. 1978), writ denied, 359 So.2d 1305 (1978); Cenac v. Power, 211 So.2d 408 (La. App. 1st Cir. 1968); writ denied, 215 So.2d 123 (1968). Of course, this premise is valid only in the event no circumstances justifying an increase in the amount of support required for the other children is shown. Blankenship v. Blankenship, supra; Bordelon v. Bordelon, supra. Here, appellee has not shown any changed circumstances justifying an increase in the child support for the four children remaining in her custody. In fact, appellee has not alleged any changes in circumstances justifying an increase in child support and she failed to present any evidence in this regard. The record is devoid of any evidence of current expenses or the financial needs of the children remaining in appellee's custody. Strangely, appellee did not even testify.
The effect of the trial court's refusal to grant appellant a reduction in his child support obligations was to increase the amount of child support due for each of the four children in appellee's custody. Under Blondeau, supra, error was committed when this increase was granted without evidence to make out the requisite showing of changed circumstances. The award originally made for five children should have been reduced when it became applicable to *434 only four children. Accordingly, appellant is now entitled to a reduction.
The appropriate amount of the child support reduction must be determined. As discussed above, where an in globo award has been made, it cannot automatically be presumed that an equal amount was awarded for each child. However, the judgment in the present case was a consent decree agreed upon by the parties. They stipulated child support in the amount of $300.00 per week was to be drawn by appellee from certain certificates of deposit and that, once these funds were depleted, appellant was to pay $60.00 per week per child. Appellant argues the latter portion of this stipulation proves the original in globo award of $300.00 per week was based upon $60.00 per child, and he is thus automatically entitled to a reduction of $60.00 per week. We do agree it was the obvious understanding of the parties that the in globo amount of $300.00 per week represented $60.00 per child per week. At the time of the stipulation, the children ranged in age from approximately 12 to 16 and thus there was no substantial disparity in circumstances to suggest a difference in financial needs. They were all of school age and without any evidence to the contrary, it can be presumed their needs were similar. In view of this situation, and the short period of time between the stipulated judgment and the judgment under review, a reduction upon a pro rata basis is both logical and fair. In addition to food, appellee was undoubtedly required to make expenditures on Warren's behalf for clothing, medical care, educational supplies, and the usual miscellaneous items common to all teenagers. She will no longer be required to make these expenditures.
For the foregoing reasons, we amend the judgment appealed to the extent that appellant's child support obligation be ordered reduced from the sum of $300.00 per week to the sum of $240.00 per week, all other aspects of the child support provisions previously decreed by judgment of November 25, 1980 to remain the same.
Appellee is cast for all costs of court.
AMENDED AND RENDERED.