BOWES, Judge.
The sole issue in this ease is the adequacy of a permanent alimony award to the wife after her divorce. The husband has appealed the judgment of the trial court awarding the wife $135.00 per week. We affirm the trial court’s ruling.
The appellant first argues that Mrs. Fitch, the wife, failed to prove that she was free from fault in order to be entitled to *521 permanent alimony under La.C.C. Article 160. However, there was a default judgment of separation entered on March 15, 1979, against the appellant and in favor of Mrs. Fitch, whose petition was based on allegations of abandonment. Subsequently, a judgment of divorce was rendered on February 10, 1981, again in favor of Mrs. Fitch. Nowhere in these proceedings was Mrs. Fitch’s fault brought up as a barrier to her permanent alimony. In fact, the record is devoid of any evidence which might indicate that Mrs. Fitch was even partially at fault. In our opinion, the trial court must have concluded that Mr. Fitch abandoned his wife without lawful cause and, hence, that she was not at fault.
Appellant next contends that Mrs. Fitch failed to fulfill her burden of proof in showing that she was incapable of obtaining employment. Civil Code Article 160 provides that in determining alimony, the Court shall consider a spouse’s earning capability, in light of all other circumstances. Such circumstances would include age, health, education, time necessary to acquire needed job training or skills and other obligations of a spouse. The record in this case reveals that Mrs. Fitch was 59 years old, unemployed, and had no training or skill which would allow her to seek immediate or gainful employment. Because of her advanced age, the time required to seek and develop any skill or training would be an additional barrier to her employment. The record further reveals that Mrs. Fitch’s health was questionable as far as seeking employment was concerned, in that she suffers from an eye condition which is apparently incurable and would hinder her in nearly all work endeavors. From a realistic view, her earning capability is negligible, considering that she is a 59-year old woman with eye problems and no particular job skill that can be utilized now. There was some testimony by Mrs. Fitch that she was qualified as a data processor. However, she was unable to work in this field anymore because of her eye problems. As a practical matter, she would be totally incapable of competing with the average job seeker in the labor force. In any event, employment by Mrs. Fitch is highly speculative and, should she later become employed, the judgment of the trial court could be modified or terminated as the need may be at that time.
Counsel for the husband also asserts that Mrs. Fitch did not prove that she had insufficient means for her maintenance under Civil Code Article 160. Maintenance, according to the appellant, includes only the basic necessities of life, such as food, clothing and shelter. However, in Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), the Louisiana Supreme Court held that the party seeking permanent alimony was entitled to not simply food, clothing and shelter, but also to “transportation and automobile expenses, medical and drug expenses, utilities, household expenses, and income tax liability generated by alimony payments.” The trial court in the present case had before it an itemized list of expenses and income of both parties. Additionally, the trial court had before it full evidence disclosing the financial situation of Mr. Fitch. It appears that the trial court felt that any income Mrs. Fitch had or was able to earn is far below that which would be required to meet her stated expenses. There was no evidence that the trial judge did not consider all of this evidence in arriving at an alimony figure.
Finally, the appellant complains that it is incongruous for the trial court to award $450 for alimony pendente lite, which, theoretically under the law, should be sufficient to allow the wife to live in the manner and style to which she was accustomed during the marriage, whereas it awarded a greater sum for permanent alimony, which legally under Civil Code Article 160 should only include maintenance and support. However, we note that there was very little or no testimony and evidence presented to the district court before its award of alimony pendente lite. In contrast, the court’s higher award of permanent alimony was determined after the hearing of much testimony and statistical evidence. Accordingly, it appears that the trial judge had more evidence on which to base a more carefully-considered decision in his permanent alimony award.
*522 It is well settled that a trial judge is vested with much discretion in determining the appropriate amount of alimony. Only if a trial judge abuses his great discretion and goes beyond the acceptable range of alimony awards, given the circumstances of the parties, is the award to be adjusted or reversed. Super v. Super, 397 So.2d 1084 (La.1981); Gautreaux v. Gautreaux, 382 So.2d 996 (La.1980). The record in this case reveals that the trial judge had before him detailed evidence concerning the income, expenses, and earning capability of each spouse. There is no showing by the appellant that the trial judge did not consider all the evidence which was before him or that he abused his discretion in this matter. We must conclude that the trial judge heard and considered all the testimony of both parties and that his decision reflected the weight which he accorded to each spouse’s testimony.
We, therefore, find that the trial court did not abuse its discretion in this case and, accordingly, we affirm the permanent alimony award of $135.00 per week to the wife, appellant to pay all costs.
AFFIRMED.