465 So.2d 73 (1985)
Maurine Perez, Wife of William J. HOGAN, Sr.
v.
William J. HOGAN, Sr.
No. 84-CA-287.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
Rehearing Denied March 18, 1985.
Writ Denied May 24, 1985.
Robert M. Rosenberg, Leon H. Rittenberg, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for plaintiff-appellant.
*74 William W. Hall, Hall, Lentini, Mouledoux & Wimberly, Metairie, for defendant-appellee.
Before BOUTALL, C.J., and KLIEBERT and CURRAULT, JJ.
CURRAULT, Judge.
This appeal arises from a judgment on a rule to reduce child support filed by William J. Hogan, Sr. which reduced the child support granted defendant, Maurine Perez Hogan, via contract and consent judgment.
The facts show that the parties were divorced on October 7, 1981, and custody of the three minor children was granted to Mrs. Hogan. Prior to the divorce, for a period of eight to ten months, the parties were in negotiation over the community property settlement. Immediately following the divorce, the Hogans signed the community property agreement which included terms related to permanent alimony for Mrs. Hogan and child support. The child support and alimony terms were incorporated into the divorce decree by consent of the parties. As to child support in the judgment and the agreement, Mr. Hogan agreed to pay Eighteen Hundred Dollars ($1800) per month, all medical bills including hospital, dental, drug and optometrist bills together with all schooling expenses for a period of twelve years from date of judgment except in the event of severe financial reverses, and regardless of the fact that during the period all of the minor children would reach their majority.
This unique arrangement was made in consideration of the settlement of the community property.
On August 17, 1983, Mrs. Hogan filed a rule for contempt and past due alimony for failure to pay the college expenses of Terri, the oldest girl. On August 24, 1983, Mr. Hogan filed a rule to change custody (of the second child William) and for a reduction of child support. The custody of William had been transferred to Mr. Hogan by the juvenile court for the Parish of Jefferson in November, 1982. Mr. Hogan further filed an exception of no right of action as to Mrs. Hogan's rule for educational expenses which exception was denied by the trial court. After trial of the matters on December 15, 1983, the court reduced Mr. Hogan's child support obligation from Eighteen Hundred Dollars to Thirteen Hundred Dollars ($1300) per month, but ordered Mr. Hogan to pay for the oldest child's educational expenses as provided for in the contract and consent judgment.
Both parties thereafter perfected an appeal of the judgment.
Appellant, Maurine Hogan, alleges the following as error:
(1) the trial court committed error in completely ignoring the contractual agreements of Mr. and Mrs. Hogan by reducing the agreed upon in globo child support payments of $1800 per month to $1300 per month.
(2) In the alternative, the trial court committed error by ignoring the testimony at trial that Mr. Hogan suffered no financial reverses and can pay any amount of child support.
(3) Further, in the alternative, the trial court erred in ignoring the testimony that Mrs. Hogan and her children have increased expenses, expenses in excess of her income, and a resultant dramatic decrease in her savings.[1]
Appellant, William J. Hogan, Sr., presents the following assignments of error:
(1) the trial court erred by only reducing the child support payments to $1300 per month for the support of the one remaining minor child;
(2) the trial court erred in making the reduction of child support effective on December 15, 1983, the date of the hearing, instead of November of 1982, when the custody of the minor child was changed to the father by order of the juvenile court for *75 the Parish of Jefferson, or in the alternative to August 21, 1983, when the rule for decrease was filed;
(3) the trial court erred in denying Mr. Hogan's exception of no right of action in finding that the mother had a right of action to seek educational expenses allegedly due to the parties' major daughter.
AppellantMaurine Hogan
The first issue presented by Mrs. Hogan involves the question of whether a contractual agreement related to child support is enforceable where the terms are not contra bono mores.[2] In this regard, appellant argues that the parties negotiated the terms of the child support and alimony in consideration of an amicable settlement of the community property and as the terms, incorporated into the judgment of divorce, are not in contravention of public policy, the court should bind the parties to the terms of the contract made knowingly and at arms' length. Appellee, Mr. Hogan, argues that as child support awards are always open to modification, the contract is not binding upon the parties; and insofar as the sixteen year old William is concerned, the change in William's custody is a change in circumstances sufficient to entitle Mr. Hogan to a reduction.
A review of the jurisprudence fails to reveal any cases involving the particular type of agreement entered into by the parties herein. However, generally agreements relating to child support are not enforceable where the agreement seeks to limit or restrict the right of the children to support and maintenance as circumstances dictate.
In Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983), this court refused to give effect to an agreement by the parties which specified a fixed amount to remain unchanged until the majority of the child. We stated there that:
"The support payment provided by the contract is contrary to the minor's interest and serves only to frustrate the ultimate goal of support and is therefore unenforceable because the agreement denies modification." At page 821.
On the other hand, agreements meeting the requirements of conventional obligations and which are not adverse to the purpose and intent of child support have been held enforceable. Davis v. Davis, 405 So.2d 594 (La.App. 3d Cir.1981), writ den. 409 So.2d 659 (La.1982); Dubroc v. Dubroc, 388 So.2d 377 (La.1980). In Dubroc, the Louisiana Supreme Court found an agreement enforceable which suspended payments of child support to the custodial mother while the child resided with the father since it promoted the best interests of the child. Applying the Dubroc rationale, the Third Circuit Court in Davis found an agreement enforceable which framed child support as alimony for tax purposes, but which was intended to be child support. Citing Dubroc, the court noted that:
"the primary interest of the court is to insure the uninterrupted maintenance and support of the parties' children. Therefore, if the bilateral agreement does not thwart the purpose and intent of the judgment, then there is no reason why such an agreement should not be enforced." Davis, at page 598.
In this case the community property settlement recited that:
"The parties further acknowledge and declare that one of the prime considerations given in considering the division and settlement of the community previously existing between them was that they were able to partition the community amicably and amicably agree upon appropriate alimony and child support payments to be made by appearer, William J. Hogan, Sr., unto Maurine Perez, the divorced wife of William J. Hogan, Sr. As a result thereof, the said William J. Hogan, Sr. does further hereby bind and obligate himself not to seek a reduction *76 in the monthly alimony payments due Maurine Perez, the divorced wife of William J. Hogan, Sr., in the amount of $1,691.33 for a period not to expire in less than twenty (20) years from this date nor to seek a reduction in the monthly child support payment due Maurine Perez, the divorced wife of William J. Hogan, Sr., for the support and maintenance of their three (3) minor children in the amount of $1,800.00 for a period not to expire in less than twelve (12) years from this date, except in the event of substantial financial reverses." (Emphasis added)
By consent, the judgment of divorce incorporated the terms stating:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Petitioner, Maurine Perez, wife of William J. Hogan, Sr., and against Defendant, William J. Hogan, Sr., awarding Maurine Perez, the wife of William J. Hogan, Sr., permanent alimony for the support and maintenance of their three minor children in the amount of $1,800.00 per month, payable in two equal semi-monthly installments, on the first and fifteenth of each month, and further condemning the Defendant, William J. Hogan, Sr., to pay all reasonable medical bills, including hospital bills, dental bills, drug bills, and Optometrist bills for said children, together with all schooling expenses, specifically including tuition expenses, transportation to and from school, school books and miscellaneous fees and expenses for a period not to expire in less than 12 years from the date of this judgment, except in the event of substantial financial reverses incurred by the Defendant during said period, regardless of the fact that during said 12 year period, all of said minor children will have reached majority. (Emphasis added)
We recognize that the court must be cautious in extending the jurisprudence relating to child support agreements so as not to impinge upon the rights of the children to continual maintenance and support according to their needs in changing circumstances. On the other hand, the facts herein show that the parties negotiated the unique terms as part of the community property settlement which negotiation occurred over an eight to ten month period with both parties represented by competent counsel. Further, the agreement does not act to deprive or limit the children's rights, but acts to create greater rights than provided them by law; and the evidence is clear, as well, that both parties knew that at the time the child support was to cease, Terri would be 28 years old; William 25 years of age; and the youngest child, 21. The only restriction imposed by the agreement and the judgment relates to Mr. Hogan's waiver of his right to ask for a reduction except in limited circumstances.[3] Thus the agreement here differs significantly from Lacassagne. By analogy to Dubroc and Davis, therefore, we find this particular contract does not contravene public policy. However, in order for the agreement to be enforceable, it must further conform to the requirements of conventional obligations. Davis, supra.
The Louisiana Civil Code provides that contracts are to be interpreted in regard to the true intent of the parties. LSA-C.C. art. 1945.[4] In this respect, Mr. Hogan acknowledged that it was foreseeable the children would no longer be residing with Mrs. Hogan at some point and that he would continue to be obliged to support despite this eventuality. However, he insisted that the purpose of the extended support was to provide for the children's *77 college education and that he did not foresee that any of the children would reside with him during the period support was to be paid. After weighing the testimony and reviewing the provisions of the agreement, the trial court determined that the change in custody of a child was not foreseen by the parties at the time the agreement was perfected. After our review, we find that the trial court did not err in this respect.
In this regard, appellant argues in the alternative that the reduction was inappropriately granted under the evidence. In child support cases in which a modification of a consent judgment of support is sought, the moving party bears the burden of proving a change in the financial circumstances of one of the parties between the date of the consent judgment and date of the rule for modification. Lacassagne, supra; Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980). In many cases, the fact that the custody of one child is removed from one parent to another while others remain with the other parent is sufficient change of circumstances. Grand v. Grand, 415 So.2d 431 (La. 1st Cir.1982); Smith v. Smith, 357 So.2d 1380 (La.App. 4th Cir.1978), writ den. 359 So.2d 1305 (La. 1978). As the court in Grand noted, however, when an in globo award has been made for several children, the premise is valid only in the event the other children's circumstances have not changed sufficiently to justify an increase. The court there stated:
"It is probably safe to say that no two children have exactly the same financial needs. There are a multitude of factors, which vary from child to child, such as age, emotional and physical health, and educational needs, which necessitate such a conclusion. Additionally, there are certain expenses which often remain the same despite the fact that one child has moved from the home." At page 433.
In addition, children living with the mother are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Howell v. Howell, supra; Davis v. Davis, 428 So.2d 1195 (La. App. 5th Cir.1983); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2d Cir.1981).
In this case, the father continued to pay Eighteen Hundred Dollars ($1800) for a year and a half following his obtaining custody of William. At trial, in lieu of the court's examination of his financial records, he stipulated to his financial ability to pay whatever reasonable amount the court decided upon. The mother testified that the expenses of the children residing with her (one a minor and one a major college student) increased to the point that she was forced to utilize her savings. The father testified that the custody of the son costs at least Nine Hundred Dollars ($900) per month. On the other hand, no evidence was produced by either party to show what the circumstances were at the time of the consent judgment as compared to the circumstances at time of trial, including a potential increase in income of Mr. Hogan. While Mr. Hogan seeks to have the court view Mrs. Hogan's circumstances as containing one minor child to support, the fact is that she is supporting the older girl as well, and the father admits he intended to support that child through college. Thus, if it costs $900 a month to support William, in our opinion, Terri and Tammi require Eighteen Hundred Dollars ($1800) together in order to maintain the mode they were accustomed to when living with their father. Davis v. Davis, supra. Since the evidence reflects an affluent lifestyle prior to the divorce and since Mr. Hogan readily admits to being able to afford the amount, we find that the evidence presented in this rule does not support a reduction and the concurrent benefit to the other two children is justifiable under the facts. Consequently the trial court judgment in this respect is reversed and the original award is hereby reinstated.
AppellantWilliam Hogan
Mr. Hogan, as cross-appellant, presents three specifications of error for our review. In light of the foregoing, the first two *78 issues presented by Mr. Hogan are herein resolved by our finding that he is not entitled to a reduction of child support.
The third and final issue for our review raises the question of whether the trial court erroneously denied the exception of no right of action filed by Mr. Hogan on the basis that Mrs. Hogan has no right to bring an action on behalf of a major child to collect educational expenses due the major child.[5]
The trial court found that Mr. Hogan granted Mrs. Hogan the right to bring the action by the terms of the contract and by the consent judgment incorporating those terms. We agree. Contrary to Mr. Hogan's argument, this case is significantly distinguishable from those cited by Mr. Hogan in support of his argument: Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973); Jackson v. Jackson, 275 So.2d 456 (La.App. 2d Cir.1973); Clay v. Clay, 358 So.2d 649 (La.App. 1st Cir.1978); Miller v. Miller, 321 So.2d 318 (La.1975). In Clay, the court held the major child may sue to enforce a right under a community property settlement. Under ordinary circumstances, the jurisprudence provides that the major child has an exclusive right to bring an action for support. However, those cases do not involve an agreement incorporated into a consent judgment as is the situation herein. Since the terms state that Mr. Hogan is to pay Mrs. Hogan the support payments regardless of the majority of the children for 12 years, he cannot now be heard to complain of her action to enforce the agreement.
Therefore, after a review of the law and evidence, we hereby reverse that portion of the trial court judgment granting William Hogan a reduction of child support and order a reinstatement of the original consent judgment award of Eighteen Hundred Dollars ($1800) per month in favor of Maurine Perez Hogan. In all other respects, the trial court judgment is affirmed.
Appellee is to pay all costs of this appeal.
AFFIRMED IN PART; REVERSED AND AMENDED IN PART AND RENDERED AS AMENDED.
NOTES
[1] Appellant, Mrs. Hogan, presented one other assignment of error related to a denial of an exception of no right of action and res judicata, but as the issue was not briefed, the assignment is deemed abandoned pursuant to Uniform Rules of the Appellate Court 2-12.4.
[2] See LSA-C.C. art. 227: Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.

See LSA-C.C. art. 231: Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.
[3] The law generally provides a person may waive his rights provided it doesn't contravene public policy and is done knowingly and voluntarily. South Bend Contractors, Inc. v. Jefferson Parish, 408 So.2d 1158 (La.App. 4th Cir.1981), writ den. 413 So.2d 491.
[4] See also new LSA-C.C. art. 2045 of the 1984 Revision of Titles III and IV of Book III of the Civil Code in which Chapter 5 of the Interpretation of Agreements was amended, reenacted, renumbered and relocated to Chapter 13, arts. 2045 et seq. The substance of prior LSA-C.C. art. 1945 remains unchanged.
[5] Appeals from an interlocutory judgment otherwise unappealable are allowed where they form part of the unrestricted appeal from a final judgment. Walters v. Canal Motors, Inc., 240 So.2d 101 (La.App. 4th Cir.1970); State Board of Education through Southern University v. Anthony, 289 So.2d 279 (La.App. 1st Cir. 1974), writ den. 292 So.2d 246 (La.1974).