464 So.2d 1026 (1985)
Stanley L. SEAL
v.
Billie Carolyn Dunaway Seal BELL.
No. CA 84 0681.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*1027 Richard W. Brown, Bogalusa, for Stanley L. Seal.
Donna W. Lee, Baton Rouge, for Billie Carolyn Dunaway Seal Bell.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
Stanley Seal and Billie Carolyn Dunaway Seal Bell (Mrs. Seal) were divorced on April 5, 1976. Custody of their two minor children, Dean and Scott, was awarded to Mrs. Seal. Mr. Seal was ordered to pay $180 per month for child support. On July 7, 1981, a consent judgment was rendered increasing the child support to $300 per month. On July 7, 1983, Mr. Seal filed a rule seeking joint custody of Dean and Scott with physical custody of Dean in himself and a termination or reduction of child support. Mrs. Seal answered and filed a reconventional demand seeking an increase of child support to $500 per month plus all medical expenses. The trial court rendered judgment establishing joint custody, granting the physical custody of Dean to Mr. Seal and continuing child support in favor of Mrs. Seal at $300 per month. Mr. Seal took this devolutive appeal contesting the child support award.
Mr. Seal contends the judgment of the trial court granted an increase in child support to Mrs. Seal because he must still pay the same amount of child support for one child that he was previously paying for two. Mr. Seal argues that a change in circumstances (transfer of the custody of Dean to him), a redetermination of the needs of the remaining child (Scott) in Mrs. Seal's custody and an evaluation of each parent's ability to pay should result in a judgment terminating or reducing his child support obligation.
In Grand v. Grand, 415 So.2d 431, 432-433 (La.App. 1st Cir.1982), the law *1028 applicable to the modification of a child support award when custody of a child has been changed from one parent to the other is set forth as follows:
When an in globo award of child support has been made for several children, the fact that ... custody of one child has been changed from one parent to the other does not necessarily entitle the parent paying child support to a reduction in the amount of child support he is obligated to pay. Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir.1980); Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1st Cir.1980); McDaniel v. McDaniel, 288 So.2d 86 (La.App. 4th Cir. 1974). Before the granting of such a reduction, a redetermination of the needs of the other children should be made. Gautreaux v. Gautreaux, supra; Wallace v. Wallace, 316 So.2d 496 (La.App. 2d Cir.1975); McDaniel v. McDaniel, supra. There are many factors such as the ages of the children, special medical problems, or educational needs which may warrant an increase in child support. It may well be that their financial needs have increased to such an extent since the time of the original award so as to off-set any reduction which might otherwise be appropriate. Blankenship v. Blankenship, supra; Bordelon v. Bordelon, 380 So.2d 110 (La.App. 1st Cir.1979).
However, even if the court concludes that there are no circumstances justifying such an increase, the parent who has received custody of one child and who is paying support for the children retained in the custody of the other parent is not necessarily entitled to a pro rata reduction in the amount he is required to pay. Gautreaux v. Gautreaux, supra; Wallace v. Wallace, supra; McDaniel v. McDaniel, supra. There is no requirement that an equal amount of child support be awarded for each child. Moss v. Moss, 379 So.2d 1206 (La.App. 3d Cir. 1980). Thus, where an in globo award of child support has been made, it cannot automatically be presumed that equal amounts were awarded for each child. Gautreaux v. Gautreaux, supra; Wallace v. Wallace, supra.
....
[I]n order to determine what reduction of an in globo award is appropriate when custody of one child has been transferred from one parent to the other, it is necessary to examine the individual needs of that child in relation to the total amount of child support awarded. It may be that the needs of the particular child for whom custody has been changed do not amount to what would be a pro rata share of the total award.
A modification of a child support award is appropriate only where there has been a change in circumstances justifying it. Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir.1981). In the present case, the change in circumstances upon which appellant relies to justify a reduction in his child support obligation is the change of custody of his eldest son, Warren, from appellee to himself. Such a change in custody is usually considered sufficient to warrant a modification of an award of child support. Blondeau v. Blondeau, supra; Smith v. Smith, 357 So.2d 1380 (La.App. 4th Cir. 1978), writ denied, 359 So.2d 1305 ([La.] 1978); Cenac v. Power, 211 So.2d 408 (La.App. 1st Cir.1968); writ denied, 215 So.2d 123 ([La.] 1968). Of course, this premise is valid only in the event no circumstances justifying an increase in the amount of support required for the other children is shown. Blankenship v. Blankenship, supra; Bordelon v. Bordelon, supra.
A trial judge is given great discretion in modifying a child support award, and his judgment will not be set aside or amended unless a clear abuse of that discretion is shown. Kincaide v. Kincaide, 444 So.2d 651 (La.App. 1st Cir.1983); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982).
A parent seeking an adjustment in a child support award has the burden of proving a change in the financial situation of himself or the other parent or both. Dufrene v. Dufrene, 430 So.2d 759 (La. *1029 App. 5th Cir.1983); Richardson v. Richardson, 428 So.2d 1326 (La.App. 3rd Cir. 1983). The earnings of both parents (if both are employed) and the earnings of the respective spouses of both parents (in the event that either is remarried) should be considered. Simon v. Simon, 450 So.2d 755 (La.App. 5th Cir.1984); Martin v. Brasseaux, 422 So.2d 548 (La.App. 3rd Cir. 1982); Laballe v. Laballe, 352 So.2d 330 (La.App. 4th Cir.1977). The day to day maintenance provided by the custodial parent, which cannot precisely be measured, is a substantial contribution to support. Ducote v. Ducote, 339 So.2d 835 (La.1976); Dufrene, 430 So.2d at 762; Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied, 383 So.2d 782 (La. 1980). In arriving at an award of child support, the totality of relevant circumstances involved must be considered. Simon, 450 So.2d at 757; Laballe, 352 So.2d at 331.
Mrs. Seal presented evidence that the expenses and financial needs of Scott have increased.[1] Scott has an eye disease which requires him to have regular checkups (every six months) and to have his glasses changed annually (sometimes twice a year).[2] Mrs. Seal has been terminated from her job which provided an annual net income of $13,618.80 (annual gross income of $20,000).
Both Mr. Seal and Mrs. Seal are remarried, and each submitted an affidavit detailing their respective incomes and expenses. Mr. Seal and his wife disclosed a combined net monthly income of $2,150.60 (gross monthly income of $2,888.48) and monthly expenses of $2,584.31 (which includes child support payments of $300 per month). Mrs. Seal and her husband disclosed a net monthly income of $4,130.01 (gross monthly income of $6,550.00, which does not include the $300 per month received as child support) and monthly expenses of $5,567.06[3] (which includes child support payments of $850 per month).[4] Even if Mrs. Seal's salary is not considered, her family's net monthly income is still $3,082.41,[5] as compared to $2,150.66 for Mr. Seal's family.
Both the mother and the father have an obligation to support their children. La.C.C. art. 227; Pittman v. Pittman, 418 So.2d 23 (La.App. 1st Cir.1982), writ denied, 423 So.2d 1140 (La.1982). Under the joint custody award by the trial court, both Mr. and Mrs. Seal have physical custody of one child and each is responsible for providing day to day maintenance for the child in his or her custody. Further, both parents are also equally responsible for the mutual support of both children. Even with the loss of her income, Mrs. Seal's family has sufficient income to support Scott. Mrs. Seal's changed circumstances from loss of her income does not justify a 100% increase in child support for the child remaining in her custody and is an abuse of discretion.
When a child support award is excessive, an appellate court should reduce the award to the highest amount reasonably within the discretion of the trial court. Cf. Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979). After considering the totality of the circumstances of the parties, we determine such an amount to be $200 per month.
Accordingly, the trial court's award of child support for Scott is amended to reduce *1030 it from $300 per month to $200 per month. The cost of this appeal is to be divided equally between the parties.
AMENDED AND AFFIRMED.
NOTES
[1] Mrs. Seal also presented evidence concerning the increased expenses and financial needs of Dean (dental work and car insurance). However, only the needs of Scott are relevant in determining whether an increase is justified since the custody of Dean has been transferred to Mr. Seal.
[2] There was no testimony or evidence detailing the costs/expenses related to this medical condition.
[3] Mrs. Seal's monthly expenses appear to be somewhat overstated and duplicative.
[4] Mrs. Seal's husband has three children by a previous marriage for whom he pays child support.
[5] Mrs. Seal testified that she netted $523.80 every two weeks, or $1,047.60 every month ($4,130.01-$ 1,047.60 = $3,082.41).