BARRY, Judge.
James Lecount appeals a joint custody decree and denial of a reduction in child support. His ex-wife did not appeal or answer the appeal.
James and Mary Lecount were married in Plaquemines Parish on April 14, 1973 and divorced March 27, 1984. Mr. Lecount *1088 did not contest custody of Sean, 11, and Amanda, 6, being given to Mrs. Lecount and he was ordered to pay $800 per month child support. Both parties re-married.
On March 27, 1985 Mr. Lecount filed for joint custody and for a reduction in child support. His ex-wife filed for an increase in child support and to have one month’s arrearages made executory. The parents stipulated to joint custody and submitted plans.
The court granted joint custody with physical custody given to Mrs. Lecount. Mr. Lecount receives visitation on alternate weekends and holidays and six weeks during the summer (when child support is suspended). The court refused to alter the amount of support and denied the motion for arrearages.
Mr. Lecount claims the court erred by limiting his summer visitation to six weeks, rather than each parent having physical custody during alternating years. He contends the decision paid “lip service” to La. C.C. Art. 146(D)[1] and argues that the minimum amount of time which would satisfy the “to the extent feasible” requirement is for his visitation to include at least the three summer months.
CUSTODY
Our approach to “sharing” joint custody was expressed in Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983):
We interpret 'joint custody' to mean a physical sharing of the child in addition to both parents participating in decisions affecting the child’s life — e.g., education, medical problems, recreation, etc. It’s obvious no plan, with or without ironclad guidelines, could possibly resolve the infinite number of conflicts which can and will arise between divorced parents in their quest to share their child’s life. It’s a fact of life that when parents battle over their children, judges are cast as ad hoc parents. But the legal bottom line remains the same — our only concern is the best interests of the child.... We don’t interpret joint custody to mean a fifty-fifty sharing of time. Each case will depend on the child’s age, the parents’ availability and desires, and other factors.
The children are fortunate to have close relationships with their parents, step-parents, and grandparents, and they receive love and support from all. The record reveals that they see their father practically every weekend rather than alternating weekends. All parties testified that Sean and Amanda are happy and doing well in school. Their mother is not employed and cares for them after school, whereas Mr. Lecount has full and part-time employment. There is every indication that the arrangement set forth by the trial judge has worked quite well.
The legislature in 1977 amended and reenacted C.C. Art. 157 to establish the “best interest” jurisprudential principle into law. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) sets forth the rule to be applied in custody modification cases:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear *1089 and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
Additionally, before we may consider making a significant change in a custody order, there must be a showing that circumstances have materially changed which affect the children’s welfare. Bergeron, supra.
Mr. Lecount has not met the “heavy burden of proof” requirement and there is no proof of a substantial “change of circumstances.” In fact, the circumstances have not changed. We find no imperative reason to upset what has proven to be a very successful custody arrangement. Bergeron, supra. Our review shows that the judgment is clearly in the children’s best interests and there is no basis to disturb the status quo.
CHILD SUPPORT
Mr. Lecount argues the court failed to consider substantial changes in his and his ex-wife’s financial situation. We agree.
Both parents were single when the $800 support was stipulated in 1984. Mr. Le-count was living with his parents and did not pay rent or buy food. The parties have since re-married and Mr. Lecount lives in an apartment with his wife and her minor child. He asserts he is constantly behind on rent payments and cannot afford basic necessities, i.e., an automobile and refrigerator. His ex-wife and her present husband own their home and have two automobiles.
Mr. Lecount’s regular net monthly income is $1,783.42. After paying medical coverage on the children, $800 child support and $318 for fixed obligations, he has $665.42 left. His part-time job during six months of the year nets an additional $450 to $500 per month.
Mr. Lecount was forced to borrow $2,000 from his father, and $3,500 from his brother-in-law, and his father contributed a refrigerator for the family. Mr. Lecount purchased a used car which was repossessed for non-payment. He is attempting to repay his co-signer who is on a deficiency judgment for $3,500 plus 25% attorney’s fees.
Larry Naquin’s (the children’s stepfather) monthly net income fluctuates considerably: $2,943.74 in January, 1985; $2,115.97 in February; $1,844.11 in March; and $1,831.52 in April. He pays $500 per month to support his three children.
The earnings of both parents (if both are employed) and the earnings of the spouse(s) of both parents (in the event that either is remarried) should be considered. Seal v. Bell, 464 So.2d 1026 (La.App. 1st Cir.1985).
The party seeking a modification of a child support award must prove a change in circumstances. In determining support payments we must consider the needs of the children as well as the financial status of the parent paying the support. Because the amount of child support payments cannot be determined with mathematical certainty all facts and circumstances in each case must be considered. Thompson v. Thompson, 466 So.2d 750 (La.App. 4th Cir.1985).
Sean and Amanda attend public schools and have no extraordinary expenses. Mr. Lecount’s $800 support payments constitute 39% of his net income. Circumstances and the financial status of each parent have changed. Considering Mr. Lecount’s penurious condition and the comparative status of the Naquins, we feel $800 monthly is now excessive.
In arriving at an award of child support the totality of circumstances must be considered. If an award is excessive, an appellate court may reduce it to the highest amount reasonably within the discretion of the trial court. Seal v. Bell, supra. We conclude that $500 per month is equitable under these circumstances.
The judgment of child support is amended to $500 monthly and is otherwise affirmed.
*1090 AMENDED IN PART; AFFIRMED IN PART.

. La.C.C. Art. 146(D) provides:
For purposes of this Article, "joint custody" shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. In making an award of physical custody, the court shall consider, among other things, the factors enumerated in Paragraph (C)(2). Joint custody shall also mean that the parents shall enjoy the natural cotutorship of such children in accordance with Article 250, subject to the plan of implementation effected pursuant to Paragraph A of this Article. Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents. An award of joint custody obligates the parties to exchange information concerning the health, education, and welfare of the minor child; and, unless allocated, apportioned, or decreed, the parents or parties shall confer with one another in the exercise of decision-making rights, responsibilities, and authority.