372 So.2d 617 (1979)
Jo Ann Spears JAMES, Plaintiff and Appellant,
v.
June Austin SPEARS, Defendant and Appellee.
No. 12634.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
*618 L. B. Ponder, Jr., Amite, for plaintiff and appellant.
Bruce E. Simpson, Kentwood, for defendant and appellee.
Before CHIASSON, EDWARDS and SARTAIN, JJ.
CHIASSON, Judge.
On November 19, 1971, June Spears was granted a divorce from his wife, Jo Ann Spears.[1] That judgment awarded permanent custody of the two minor children to the mother and child support in the amount of $150 per month. By court order on March 11, 1975, June Spears, the father, was granted temporary custody of the minor children. On December 5, 1975, a judgment was rendered maintaining custody in the father until June 15, 1976, at which time he was to deliver the two minor children to the mother in Kentwood, Louisiana, and ordering the father, as of July 1, 1976, to pay child support in the amount of $150 per month thereafter. The record reveals that the father did not return the children on the date specified by the court order of December 5, 1975.
*619 On July 17, 1978, the father, upon his return to this state, filed a petition for custody of the two minor children. On July 18, 1978, the mother filed a motion for contempt, for a judgment to make back support executory, for attorney's fees and for restoration of custody of the children. Both of these proceedings, by consent of the parties, were consolidated for hearing on August 10, 1978.
After the taking of evidence and rendition of judgment, but before the signing of judgment, Jo Ann Spears filed on August 23, 1978 a motion to make support judgment executory and for attorney's fees. In this pleading it was alleged that due to a typographical error, the total amount of arrearages in the original pleading had not been applied for in a specific amount. This pleading prayed that total arrearages be made executory in the amount of $3,750 and sought a specific amount as attorney's fees in the sum of $1,275. A rule to show cause was issued for a hearing on this pleading on September 8, 1978.
On September 5, 1978, judgment was signed granting permanent custody of the minor children to June Spears and visitation rights to Jo Ann Spears; awarding past due child support in the amount of $2,025, plus 7 per cent interest from date of judicial demand; terminating further child support payments; rejecting the demand for attorney's fees; and rejecting the demand that June Spears be held in contempt of the December 5, 1975 court order.
On September 8, 1978, Jo Ann Spears filed a motion for new trial or rehearing on the issues on custody, support arrearages, attorney's fees and contempt. This motion was assigned for a hearing on September 22, 1978.
On September 29, 1978, a judgment was rendered denying an executory judgment and denying attorney's fees. The motion for new trial was also denied.
Jo Ann Spears appealed the judgment of the trial court seeking a reversal of the trial court's judgment on every issue.
At the outset, we find the judgment of the trial court to be as follows: Custody of the two minor children was awarded to June Spears with visitation rights granted to Jo Ann Spears; the demand to place June Spears in contempt of court was rejected; and the motion to make child support executory and for attorney's fees was denied. We believe this to be the judgment because of the procedural posture of the case.
The first pleading filed by Jo Ann Spears, on July 18, 1978, to make child support executory and for attorney's fees, listed the number of months and the amount per month owed to Jo Ann Spears by court order and asked for a total of $2,025 as the total amount of arrearages to be made executory. The second pleading filed by Jo Ann Spears, on August 23, 1978, to make child support executory and for attorney's fees, specified that a typographical error had been made and that the total amount of arrearages of child support should be $3,750 and asking for attorney's fees in the specific amount of $1,275.
The trial judge set a hearing date of September 8, 1978 for the August 23, 1978 pleading. Although the trial judge was apparently considering the August 23rd pleading as a separate request for additional amount of arrearages, we find that it was in fact an amended pleading to the July 18, 1978 pleading. We find this to be so for several reasons. First, the August 23rd pleading was filed after a hearing on the issue of arrearages of child support and attorney's fees had been held and it contained a correction in calculation as to the total amount of arrearages demanded. Second, when the August 23rd pleading was considered, it was stipulated by counsel that testimony would not be taken since it would be repetitive of the testimony taken on August 10, 1978 and the attorneys submitted memorandums concerning the issue of child support arrearages and attorney's fees. Third, the August 23rd pleading was also considered with Jo Ann Spears' motion for new trial filed on September 8, 1978, which was in part based on the issue of child support arrearages and attorney's *620 fees. We are additionally supported in this finding by the judgment of the trial court of September 29, 1978. Having ruled on the issue of child support arrearages and attorney's fees in the September 5, 1978 judgment, the trial court could not have considered a motion for an additional amount of arrearages due for an identical period of time without granting a partial new trial as to the issue of arrearages of child support and attorney's fees. We find that the trial court granted a partial new trial as to child support arrearages and attorney's fees and denied a partial new trial as to the issues of custody and contempt.
If read otherwise, the judgments of September 5 and September 29 are inconsistent in relation to the child support arrearages and attorney's fees. The September 5th judgment awarded Jo Ann Spears $2,025 child support arrearages and no attorney's fees. The September 29th judgment denied the motion to make the support judgment executory and denied attorney's fees. The September 29th judgment made no mention of an amount of money and as written denies any arrearages of child support. Even assuming arguendo that the August 23rd pleading was only for a corrected amount of child support arrearages, the trial judge could not consider this separately without a new trial on this issue or without considering this pleading as purely a means of amending the judgment to correct an error of calculation under La.CCP 1951. The trial judge did not consider this to be a correction of error of calculation in the judgment, but rather, by stipulation of the parties, considered the testimony of August 10 and requested memorandums solely on the issues of child support arrearages and attorney's fees. In so doing, we find he granted a partial new trial as to the issues of child support arrearages and attorney's fees.
Jo Ann Spears, appellant, seeks to reverse the trial court's judgment. There are four issues to be considered: custody, contempt, child support arrearages, and attorney's fees.
We affirm the award of permanent custody of the minor children to their father, June Spears. Our jurisprudence provides that in cases of change of custody the one seeking the change of custody must establish that not only are the present circumstances harmful to the physical or moral welfare of the children concerned, but also that the party seeking the change of custody can provide a better and more wholesome atmosphere for the children. Additionally, the determination of the trial judge in child custody matters is entitled to great weight upon appellate review. He is in a better position to evaluate the best interests of the children. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Earnest v. Earnest, 286 So.2d 747 (La.App. 1st Cir. 1973); Lambert v. Lambert, 286 So.2d 390 (La.App. 1st Cir. 1973).
June Spears has had the minor children of the marriage in his custody since March of 1975. They were with their father because of the mental health problems suffered by their mother. Although Jo Ann Spears has made great strides in her mental health problems, we find that the record establishes that June Spears has met his burden and that the trial court's decision of custody was not an abuse of his discretion. We must note that the issue of custody was not affirmatively briefed in Jo Ann Spears' appeal.
We affirm the denial of the motion for placing June Spears in contempt of the court order of December 5, 1975. Mover argued that June Spears was in contempt of court for disobeying a lawful judgment of the court. Under La.CCP 224 and our jurisprudence, it must be shown that the alleged offender willfully disobeyed a direct order of the court issued prior to the contempt rule; otherwise he should not be held in contempt. Lambert v. Adams, 347 So.2d 883 (La.App. 3rd Cir. 1977). We find that the record reveals a reasonable factual basis for the finding of the trial court and the record establishes that the finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*621 We must reverse the denial of arrearages for child support. June Spears was temporarily awarded custody of the minor children by a court order of March 11, 1975. But on December 5, 1975, he was ordered to return the children to their mother on June 15, 1976 and to begin paying child support of $150 per month starting on July 1, 1976. From that judgment until the present proceedings were instituted, he did not come to court seeking the termination of the award of child support by court order. We understand that from June 15, 1976 until the present, the minor children have been in the physical custody of their father, who has supported them in his home. We are also cognizant of the fact that the circumstances of Jo Ann Spears' mental illness have justified his not returning the children at the time ordered by the court. We cannot overlook the fact that June Spears could have come to the court to change the order of support and he did not do so. Under the jurisprudence as it now stands, "... a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment ..." and that "(U)ntil modified, therefore, the judgment awarding alimony is a determination of the rights of the parties and has acquired the authority of the thing adjudged." Halcomb v. Halcomb, 352 So.2d 1013 (La.1977).
We have considered the possibility of a credit to June Spears of the monthly amount of child support for the time the children were in his care, but have found this is not allowed by our jurisprudence. Therefore, we are bound by these decisions and are prohibited from applying equity in the instant case. For these reasons we reverse the trial court and award to Jo Ann Spears the arrearages in child support in the sum of $3,750, calculated at the rate of $150 per month for 25 months representing the period from July 1, 1976 through July 1, 1978, with 7 per cent interest thereon from date of judicial demand until paid.
We affirm the denial of attorney's fees. The trial court is vested with discretion in determining whether or not attorney's fees are to be awarded when he renders an executory judgment incorporating the payment of child support arrearages. La.R.S. 9:305. In the instant case, the trial judge originally made executory child support arrearages and did not award attorney's fees. After a partial new trial as to the question of child support arrearages and attorney's fees, the trial court again did not award attorney's fees. Although we reverse the trial judge as to the child support arrearages, we find that he had obviously carefully considered the issue of attorney's fees and had denied them. Under either judgment, however, it is apparent that the trial court did not find that attorney's fees were warranted.
The record reveals that the father, because of the mother's mental health problems, had the physical custody of the children for the time period for which arrearages are due and that he has supported them during this time. The father has now been awarded permanent custody of these children and we realize that the payment of arrearages will reduce the resources available to him to support the children. It is ironical that the purpose of child support payments is to provide for the children and in this case the payment of these arrearages will not be utilized for this purpose.
An award of attorney's fees would further reduce the father's income, which would not benefit the children whose care is our primary concern. For these reasons we find no abuse of discretion in the trial court's denial of attorney's fees.
For the reasons given above, the judgment of the trial court awarding permanent custody of the minor children to June Spears, the denial of the contempt motion, and the denial of attorney's fees is affirmed. We reverse the trial court only as to the award of child support arrearages.
*622 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Mrs. Jo Ann James and against June Austin Spears in the full and true sum of Three Thousand Seven Hundred Fifty and No/100 ($3,750.00) Dollars, with legal interest thereon from date of judicial demand, until paid, and for all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] Jo Ann Spears remained on August 7, 1978, and is now Mrs. Frank T. James. To avoid confusion, we will refer to her as Jo Ann Spears.