379 So.2d 826 (1980)
Marguerite Cecilia Landry, Wife of Thurman Paul HALL, Jr.
v.
Thurman Paul HALL, Jr.
No. 10592.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Rehearing Denied February 20, 1980.
*827 Evangeline M. Vavrick, New Orleans, for plaintiff-appellant.
Jacqueline Mae Goldberg, New Orleans, for defendant-appellee.
Before GARRISON, CHEHARDY and STOULIG, JJ.
STOULIG, Judge.
Plaintiff's appeal has raised the following issues: (1) did the trial court abuse its discretion in increasing to $50 a week the child support for the three minor children (ages 9, 10 and 11 years)? (2) did the court err in allowing the defendant father a credit of $225 against the accrued child support for the summertime visitation of the children? and (3) did the court err in assessing plaintiff $372.75 as her share of the court appointed expert's fee?
Certain basic concepts are so ingrained in our law and jurisprudence as to *828 require no citation of authority. These well accepted principles are the much discretion of the trial judge, the criteria of needs of the children and the ability of the parents to respond, and the mutual obligation of both parents to contribute to the support of the children. However, the discretion vested in the trial judge is not limitless and is circumscribed by the factual details of each case. Whenever the exercise of this discretion falls below or exceeds the criteria of reasonable needs and the ability to respond, then the appellate function mandates an adjustment.
The record reflects that plaintiff has gross wages of $685 and net earnings of $562 per month. Her itemized list of monthly expenses for herself and her three sons which amount to $955.14 are most reasonable and provide only the basic necessities. Obviously financial assistance from the defendant is mandatory.
As opposed to the above, the defendant operates the successful "high profit, low overhead" business of "Clean Rite Septic Tank Service", primarily a one man operation. His business records were so incomplete and his testimony so confusing that the trial judge found it necessary to appoint a certified public accountant to examine and analyze his records and determine defendant's monthly income.[1]
It should be noted that all of the defendant's personal and business affairs and expenses were conducted through one bank account. According to the records furnished by the defendant for the period January through August, 1978, his expenses excluding gas and food totaled $9,407.41 and his receipts amounted to $11,073.00 or a net of $1,665.59. However, his bank account discloses deposits of $21,421 or a net of $12,013.59 for the same period. A mere arithmetical computation reveals a monthly surplus of $1,500.
Both parents remarried. Plaintiff is presently separated from her second husband and is burdened with obligations from that marriage.[2] Unquestionably defendant is in a much better financial position to contribute to the support of his children than is his former spouse. The expenses listed for the support and maintenance of the three children are reasonable and cannot, in these inflationary times, be met by plaintiff's limited means and a contribution of $50 per week by defendant. For this reason the award of the trial court does not meet the criteria of the needs of the children and the ability of the more substantial parent to respond. Accordingly, the child support is increased to $75 per week.
The alimony ledger of the clerk of court and other evidence establishes that the defendant was delinquent in the payment of $900 of child support. The trial court allowed the defendant a credit of $225 against the accrued delinquent child support apparently to compensate the father for the time the children were visiting with him.
In this respect the trial court erred. Accrued child support is a property right of the party in whose favor it is granted. In computing the amount due under a judgment of support, the father is not entitled to a credit for the time the children resided with him absent a modification of the judgment which made the award. Stated another way, credits based on equitable considerations cannot be applied retroactively against the vested property right of accrued child support and can only be considered prospectively if the child support judgment is amended or altered by a subsequent judgment.[3] Accordingly, the judgment of the *829 trial court is amended to award plaintiff the sum of $900 delinquent child support.
The last issue involves the assessment of expert fees of the certified public accountant equally between the parties. While the need for the appointment of the certified public accountant is solely attributable to the defendant's incomplete and fragmentary business records and his confusing testimony, it could arguably be urged that he should bear the entire expenses in connection therewith. However, the need for the appointment of the expert and the assessment of his fees equally between the parties falls within the much discretion of the trial judge and unless palpably abused cannot be changed on appellate review. We do not find such an abuse of his discretion.
For the above reasons the judgment of the trial court must be amended in part, affirmed in part and is recast as follows:
IT IS ORDERED that the child support payments of Thurman P. Hall, Jr. to Marguerite Cecilia Landry Karajulles for the support of their three minor children be increased to the sum of SEVENTY-FIVE ($75.00) DOLLARS per week commencing from December 4, 1979, the date of submission of this matter.
IT IS FURTHER ORDERED that the rule to make the delinquent child support executory be and the same is hereby made absolute and accordingly IT IS ORDERED that the amount of the judgment in favor of Marguerite Cecilia Landry Karajulles and against Thurman P. Hall, Jr. be increased to the sum of NINE HUNDRED ($900.00) DOLLARS, together with legal interest thereon from November 28, 1978 until paid. In all other respects the judgment of the trial court is affirmed. Costs, at the trial and on appeal, are assessed against the defendant Thurman P. Hall, Jr.
AMENDED IN PART; AFFIRMED IN PART; AND RECAST.
NOTES
[1] The C.P.A., Lewis H. Heston, informed the trial judge by letter that he was unable to express an opinion on the statement of income of defendant.
[2] Remarriage will not relieve a spouse from the obligation of supporting a minor child born of a prior marriage. The necessary expenses and obligations of the second marriage is a factor that may be considered in fixing the amount of child support. Jackson v. Jackson, 275 So.2d 456 (La.App.2d Cir. 1973).
[3] Thompson v. Courville, 372 So.2d 579 (La. App.3d Cir. 1979); Vernon v. Leger, 363 So.2d 1338 (La.App.3d Cir. 1978); Mertens v. Mertens, 308 So.2d 506 (La.App.3d Cir. 1975); Simon v. Clavert, 289 So.2d 567 (La.App.3d Cir. 1974).