402 So.2d 733 (1981)
Carrie Cousain RIVERS
v.
Thomas RIVERS.
No. 11825.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1981.
*734 Michael K. Heltz, Gramercy, for plaintiff-appellant.
Charles G. Merritt, New Orleans, for defendant-appellee.
Before SAMUEL, GARRISON and BAILES, JJ.
SAMUEL, Judge.
Plaintiff, Carrie Cousain Rivers, filed a motion and rule to have child support and alimony made executory, for contempt, and for attorney's fees. The motion alleges the defendant husband, Thomas Rivers, was behind in child support and alimony payments in the amount of $930 at the time the motion was filed. This motion was based on a judgment of June 18, 1979 which ordered the husband to pay $75 every two weeks for child support and alimony in a like amount.
After an evidentiary hearing, there was judgment awarding plaintiff court costs and $150 attorney's fees. However, the judgment denies plaintiff's rule to make past-due alimony and child support executory and refuses to hold the defendant in contempt.
Plaintiff has appealed, asserting the trial judge has no discretion to deny a motion to make past-due alimony and child support executory when the proof supports the fact that the payments are in arrears.
At the trial of plaintiff's motion, she testified that from December 25, 1979 to the date of the hearing on May 5, 1980 her husband paid only $240. The total amount due during that period was $1,425, thereby showing that as of May 5, 1980 defendant was in arrears for child support and alimony in the amount of $1,185.
Defendant testified he recalled the trial judge ordered him to pay the amount stated in the judgment. He stated he was employed on the date of the hearing, but that his employment began only one week earlier. His former employment had terminated two months prior to the hearing, and during the period between jobs he had received unemployment compensation of $149 each week.
The trial court refused to make judgment executory, stating: "I am giving him the benefit of the doubt when he was not fully employed ...." The court also stated that if Mr. Rivers had gone to court and presented his position, his payments would have been reduced.
Louisiana Code of Civil Procedure Article 3945 provides:
"When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony." (Emphasis ours).
The provisions of Article 3945 do not give any discretion to the trial court when it is proved that payments are in arrears.[1] The courts are not empowered by equity or otherwise to nullify or reduce accumulated alimony until a previous judgment awarding alimony has been amended or reduced by subsequent judgment or terminated *735 by operation of law.[2] Thus, the trial court should have rendered judgment for the amount of past-due alimony, as well as court costs and attorney's fees pursuant to R.S. 9:305.
For the reasons assigned, that part of the judgment appealed from which denied the rule for executory judgment for past due child support and alimony is reversed and judgment is now rendered in favor of plaintiff, Carrie Cousain Rivers, and against the defendant, Thomas Rivers, in the amount of $1,185, together with legal interest thereon from date of judicial demand until paid. In all other respects the judgment appealed from is affirmed. Costs of this appeal are to be paid by the defendant.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Whitt v. Vauthier, La.App., 316 So.2d 202; Theriot v. Melancon, La.App., 311 So.2d 578; Rodriguez v. Rodriguez, La.App., 245 So.2d 765; Bell v. Bell, La.App., 225 So.2d 753.
[2] Graval v. Graval, La.App., 355 So.2d 1057; Theriot v. Melancon, supra, note 1; Elchinger v. Elchinger, La.App., 181 So.2d 297.