BOUTALL, Judge.
ON ISSUE OF MOOTNESS OF APPEAL
June Valley Morgan appealed a judgment dismissing her separation suit. After the appeal was argued on January 6, 1982, the court was apprised of the fact that a judgment of divorce was signed on January 8, 1982 decreeing a divorce in favor of Rodney Stephen Morgan and finding June Valley Morgan “not to be free of fault and therefore, not entitled to permanent alimony... ” We then requested briefs from the parties on the question of mootness of the appeal in this separation suit.
*313 Generally, a decree of divorce between the parties renders moot an appeal concerning a judgment of separation. See Randle v. Randle, 239 La. 646, 119 So.2d 495 (1960) and cases cited therein. However in this case a suspensive appeal has been taken from the judgment of divorce. Accordingly that judgment is not yet final and it does not become effective or executory while the appeal is pending. Eiermann v. Modenbach, 198 La. 1062, 5 So.2d 335 (1941); Smith v. Smith, 378 So.2d 509 (La.App. 4th Cir. 1979). Until that judgment becomes final, the issues on this separation appeal remain justiciable, and we proceed to a consideration of them.
ON THE MERITS
A husband brought suit for a separation on the grounds of cruel treatment and the wife reconvened on the grounds of cruel treatment and abandonment. At trial, the husband stipulated as to his fault and attempted to show mutual fault on behalf of his wife. Both actions were dismissed by the trial court for lack of the proper evidence necessary to carry his or her burden of proof. The wife appeals that decision claiming that she had proven all the elements required to entitle her to receive a separation on the ground of her husband’s abandonment. We agree and reverse that part of the judgment appealed.
Rodney Morgan filed a petition on January 30, 1980, seeking a separation on the grounds of cruel treatment alleging that his wife had been living in a separate bedroom for the last three years and that during that time period she had also refused to have marital relations with him. June Morgan reconvened alleging cruel treatment and abandonment by her husband on January 31, 1980, without just cause. In addition, she alleged that he had refused to return to the matrimonial domicile after repeated requests for him to return.
At the outset of trial, the husband stipulated to his fault and he attempted to show that he was entitled to a separation based on mutual fault. He bases the fault of his wife on his testimony that she voluntarily moved out of his bedroom and refused to have marital relations with him. He also testified that one of the main reasons for their difficulties was due to his wife’s animosity towards his sister. He complained that this resentment became so intense that she refused to allow his family to even visit the matrimonial domicile. The wife responded that she did not refuse him marital relations but that he was impotent. She also testified, and her husband conceded, that he left the matrimonial domicile against her wishes. In addition, she testified that she asked him to return home at a deposition on August 6, 1980, and again on the day of trial. When asked if he would be willing to resume the marital relationship, the husband testified that he would be opposed to such a condition.
In view of the stipulation by the husband concerning his fault as well as the facts contained in the record, we believe the trial judge erred in dismissing June Morgan’s demand. To rule otherwise would disregard the effect of a stipulation. In this instance, the stipulation obviously influenced the way she attempted to prove Her right to a separation. Nevertheless she introduced sufficient evidence in accordance with LSA C.C. Article 145 to prove a separation based upon abandonment as provided in C.C. Article 143:
“Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board.”
The necessary elements of abandonment were proven by stipulation to fault on the husband, and his admission of leaving the matrimonial domicile against the wife’s wishes, her testimony that she requested that her husband return home on several *314 occasions and the testimony of both concerning his refusal. Accordingly the wife was entitled to a decree granting a separation on the ground of abandonment.
For the reasons assigned, we reverse that portion of the judgment appealed which dismissed June Morgan’s reconventional demand and grant judgment in her favor decreeing a separation based on her husband’s abandonment.
REVERSED.