KLIEBERT, Judge.
This domestic action has resulted in three appeals. In 1980, Rodney Morgan, the husband, brought a suit for separation based on cruel treatment. The wife reconvened for a separation based on abandonment by the husband. During the pendency of the separation suit, on July 1,1980, prior to the trial on the merits for the separation, the trial judge rendered judgment in favor of the wife for alimony pendente lite in the amount of $650.00 per month. Following a trial on the merits, the trial judge dismissed both suits for separation. The wife appealed the dismissal of her separation suit. On the appeal, the Fourth Circuit reversed the trial court and awarded to the wife the separation judgment based on the husband’s abandonment. Morgan v. Valley, 410 So.2d 312 (4th Cir.1982).
While the appeal of the separation action was pending, the trial court, in a proceeding filed under a different docket number, granted a judgment of divorce, based on one year living separate and apart, to the husband. This judgment denied permanent alimony to the wife because she was not free from fault. The wife then brought a suspensive appeal on the divorce judgment. On the appeal, the Fifth Circuit Court of Appeal, in Morgan v. Valley, 424 So.2d 541 (5th Cir.1982), upheld the trial judge’s granting of the divorce. Although we found no jurisprudential bar to the relitigation of the fault issue in the divorce suit by the trial judge, we noted the status of fault was in a different posture at the time of appeal from that present at the time the divorce suit was tried.[1] For that reason, we recognized the final judgment of fault in the separation proceeding and set aside the trial judge’s findings that the wife was not free of fault in the divorce proceeding. Nevertheless, this court refused to grant permanent alimony because an essential element, namely, necessitous circumstances, was not proven.
During the pendency of the suspensive appeal of the divorce suit, the wife brought a rule for contempt and alimony pendente lite arrearage on the alimony pendente lite award of $650.00 per month made in the original separation suit. The wife claimed an entitlement to alimony pendente lite from February 1, 1982, which was the last day on which the husband had paid alimony pendente lite. In response, the husband filed an exception of no right or cause of action.
*1187 The Supreme Court in Viser v. Viser,[2] 243 La. 706,146 So.2d 409 (La.1962), when confronted with a similar circumstance as that found here, held the wife’s entitlement to alimony pendente lite continued to a final determination in the divorce action. The appeal by the wife of the separation suit maintained the separation suit and thus maintained her entitlement to the alimony pendente lite award during the pendency of that action. Additionally, her appeal of the divorce action maintains her entitlement to the alimony pendente lite unless the divorce judgment is final. We note that the judgment of divorce rendered by the trial judge was affirmed in this court on January 7, 1982 (the judgment is not as yet final). Thus, the wife’s entitlement to the alimony pendente lite continues until the judgment of divorce becomes final. She may proceed to collect it either during the litigation or afterwards. Sumrall v. Sumrall, 393 So.2d 249 (1st Cir.1980).
Accordingly, the judgment of the district court maintaining the exception of no cause of action is reversed and the case remanded to the lower court to proceed with in accordance with the view herein expressed. Each party to bear his own cost of the appeal.
REVERSED AND REMANDED.

. At the time the divorce suit was tried, the dismissal of the separation suit was pending on appeal. At the time of the appeal from the divorce judgment, the appellate court had granted the wife a separation based upon the husband’s abandonment.

. Overruled in Miller v. Miller, 321 So.2d 318 (La.1975), but only insofar as it held legal interest was not due on the alimony.