FORET, Judge.
In this child support case, judgment was had on rules filed by both parties, denying plaintiff’s request for an increase in child support, sustaining her exception of no cause of action, dismissing defendant’s rule to terminate child support, and awarding back due child support to plaintiff in the amount of $1,800 and $200 in attorney’s *27 fees. We affirm the decision of the trial judge and adopt his excellent reasons for judgment as our own:
“On March 14, 1983, the Court heard, pursuant to regular assignment, rules filed by both parties. The defendant father, James L. Watts, had filed on January 27, 1983, a rule to terminate child support for two minor children and to set his visitation rights. The plaintiff mother, Drucie Ann Watts, filed a rule on March 8, 1983, to make executory past due child support payments for the last three years in the total amount of $1,800.00 and also sought attorney’s fees in the sum of $400.00. Additionally, the mother sought an increase in the child support payments from the sum of $50.00 per month to the sum of $200.00 per month.
“The substantial issues presented for decision by the Court are: (1) Should the child support payments be terminated? (2) Should the mother have judgment for past due child support and attorney’s fees? (3) Should the child support payments be increased from $50.00 per month to the sum of $200.00?
“At the beginning of the hearing, the mother’s attorney argued exceptions of no cause of action, no right of action, non-join-der of an indispensable party, unauthorized use of summary proceedings, improper cumulation of actions and vagueness directed at the father’s rule to terminate child support. In the father’s rule he alleged the mother had improperly withdrawn approximately $7,000.00 from a $24,000.00 trust fund created by the father for the children, and that she had misused these funds. The father prayed that the mother account for her use of these funds, and that the child support payments be terminated until the mother makes the accounting and reimburses the trust for any funds improperly withdrawn or misused. In support of the mother’s exceptions, her counsel argued the issue of the misuse of the trust funds was the subject of another pending suit by the father against the mother and the trustee, Guaranty Bank and Trust Co. and that any such alleged misuse of trust funds by the mother would not be grounds to terminate the father’s child support payments, nor would it be a defense to the mother’s demand for past due child support. The Court agreed with the arguments by the mother’s attorney. The exception of no cause of action was sustained, thus dismissing the father’s rule to terminate child support payments.
“The evidence shows that during July of 1974, the father was ordered to pay to the mother the sum of $25.00 per month for each of two minor children, who were then respectively two and three years of age and are now eleven and twelve years old. The father has never made any of these child support payments to the mother. The father’s defense to the rule by the mother to make the last three years of payments executory is based on the argument that at about the same time the child support judgment was rendered in July of 1974, a trust fund was created by the father in the sum of $12,000.00 for each child, a total of $24,000.00, with the Guaranty Bank and Trust Company of Alexandria as the trustee, and that disbursements by the bank to the mother of both principal and interest from this trust have equalled or exceeded the $50.00 per month child support payments and should be held to have satisfied the child support obligation of the father.
“In a post-trial memorandum submitted by the father’s attorney, he frankly admits he has found no jurisprudence supporting his argument that interest from the trust satisfies the child support obligation under the judgment. The father admits that when the trust was created and the child support judgment was rendered in 1974, he intended to pay the child support of $50.00 in addition to the interest received from the trust for the children’s support. The evidence shows that -the trust was created from funds received by the father as the result of a personal injury claim, that is, the loss of his right hand. At the time the child support judgment was rendered, the father was drawing social security disability payments and his children also received *28 social security benefits as his dependents. However, in April, 1982, the social security system determined that the father was no longer disabled and benefits were terminated both to him and to the children. The father testified that after his social security benefits were terminated, he worked for a short time as a surveyor’s assistant at minimum wages, but that his employment was terminated after a few months and he has not been able to find employment since. Mr. Watts argues that since he is no longer receiving social security and that due to his disability and his inability to secure employment, he has simply been unable to make the child support payments. He argues that the interest income from the trust, which the wife has been receiving for the benefit of the children, should be held to satisfy his child support obligation.
“The father also points to evidence that the mother has now remarried and her affidavit of income and expenses filed in the record shows she has a net monthly income of $640.00 and that her husband’s net income is $1,560.00, making a total net income of $2,200.00 per month.
“Although, there is much equity in the above discussed arguments by the father that he should not be cast in judgment for the sum of $1,800.00 in past due alimony, he has not cited, nor has the Court been able to find, any law to support his position.
“On the other hand, the mother relies on L.S.A. — Civil Code Article 232 and the jurisprudence thereunder for the rule that the only remedy available to a father to relieve himself of the obligation to pay child support decreed in a judgment is by a judicial proceeding to have the judgment amended, suspended, or terminated. Dauzat v. Dauzat, La.App.1980, 391 So.2d 60; McGovern v. Tatman, La.App.1982, 410 So.2d 779; Rivers v. Rivers, La.App.1981, 402 So.2d 733.
“The Court concludes that despite the equity of some of the father’s arguments, the law is against him[1]. His failure to seek judicial modification of the child support judgment makes him liable for the past due child support for the last three years in the sum of $1,800.00, plus legal interest. The mother is also entitled to an award for attorney’s fees in the sum of $200.00. The Court also concludes that the father is not entitled to have the child support payments of $50.00 per month terminated as to those due in the future. With reference to visitation rights, the parties agreed during the trial that there was no dispute. The father is to have visitation rights every other weekend, on every other major holiday, and one month during the summer.
“For the reasons discussed above, (1) the father’s rule to terminate child support is denied; (2) the mother’s rule to make exec-utory past due child support payments in the sum of $1,800.00 plus legal interest and cost is granted, and the mother is also awarded the sum of $200.00 in attorney’s fees; (3) the mother’s demand that the child support payments be increased from $50.00 per month to $200.00 per month is denied.”
For the reasons so ably expressed by the trial judge, we will affirm the lower court’s decision.
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff and defendant, one-half to each.
AFFIRMED.

. LSA-C.C. Art. 21; Chambers v. Parochial Employees Retirement System of Louisiana, 398 So.2d 102 (La.App. 3 Cir.1981), writ denied, 400 So.2d 1382 (La.1981).