452 So.2d 255 (1984)
Rodney Stephen MORGAN
v.
June Valley MORGAN.
No. 83-CA-586.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
*256 Harry R. Cabral, Jr., H. Craig Cabral, Metairie, for plaintiff/appellant.
George H. Jones, New Orleans, for defendant/appellee.
Before BOUTALL, C.J., and KLIEBERT and BOWES, JJ.
BOWES, Judge.
This is the fourth appeal involving domestic litigation between these parties. Because this Court is so well-versed in the facts of the situation, we will only briefly outline the various actions and subsequent appeals.
Originally, Mr. Morgan filed a petition for separation and his wife reconvened. Alimony pendente lite was granted in an interim judgment. The trial court later dismissed both actions, and, on appeal, the Fourth Circuit reversed in part, finding Mr. Morgan to be at fault in the separation [Morgan v. Valley, 410 So.2d 312 (La.App. 4th Cir.1982)]. While that appeal was pending, Mr. Morgan filed suit for divorce based on La.R.S. 9:301. A judgment of divorce was rendered on January 8, 1982, including a finding that Mrs. Morgan was not free from fault. Mrs. Morgan appealed that (divorce) judgment to this court, specifically the finding as to her fault. This court reversed the fault finding, but declared Mrs. Morgan had not proven necessitous circumstances and so denied her claim to permanent alimony. Morgan v. Morgan, 424 So.2d 541 (La.App. 5th Cir.1982).
During the pendency of the appeal of the divorce suit, Mrs. Morgan filed a rule for contempt and for past-due alimony pendente lite, to which Mr. Morgan filed an exception of no cause of action. The trial court maintained the exception, and defendant appealed. This Court, on appeal, decided in favor of Mrs. Morgan, decreeing that she was entitled to alimony pendente lite until the divorce was final (during pendency of the appeal and until the judgment of the appellate court became final). Morgan v. Morgan, 428 So.2d 1185 (La.App. 5th Cir. 1983). The case was remanded to the District Court to determine the amount of arrearages due to Mrs. Morgan. On April 29, 1983, after hearing evidence, the trial court awarded $7,140.00 plus legal interest from date of judicial demand, and for all costs. It is from this judgment that Mr. Morgan now appeals, specifying as error, and we quote:
Where an appeal has been taken which is obviously frivolous on its face and which is clearly designed for the sole purpose of maintaining and preserving alimony which would not be due under a judgment of divorce which had been rendered therein, the alimony accruing under said judgment should not be granted to the party who has taken the frivolous appeal for that purpose.
In the alternative, it is submitted that where an appeal has been taken to a divorce judgment, which judgment is totally frivolous on its face, and which is clearly designed to perpetuate alimony which would not normally be due, then this Honorable Court should award such damages and attorney's fees to the offended party as are commensurate with the amount of the judgment of alimony which has accrued under the frivolous appeal taken by the defendant-appellee.
Defendant, Mrs. Morgan, has answered the appeal, alleging (1) that legal interest on back-due alimony accrues from the time each payment is due, and not from the date of judicial demand; (2) that attorney's fees should have been awarded in the lower court; and (3) that she is entitled to damages, attorney's fees and costs for the bringing of a frivolous appeal.
*257 As to appellant's specification of error, it is apparent that he is rearguing the issues presented in the last two appeals referred to hereinabove. The questions of defendant's entitlement to alimony pendente lite and the period in which she was so entitled, were determined in the other Morgan cases.
The issue as to whether the divorce appeal was frivolous should have been addressed and answered at the time that appeal was taken. The court did not pronounce that matter frivolous in its opinion and it is not in our province to do so at this time. Indeed, the court there considered the question of fault presented by Mrs. Morgan with the gravity given to all opinions emanating from this court. If appellant takes issue with that decision, his remedy was an application for rehearing to this Court on that decision, or an application for writs of review to the Supreme Court. By appealing the issues presented here, at this point in the litigation, appellant is attempting to accomplish on another (fourth) appeal what he failed to achieve on the second and third appeals. We find it unnecessary and a violation of the concept of judicial economy to reconsider the first specification of error any further. The matters are res judicata.
This finding also determines the second specification to be totally without merit, for the appeals were not found to be frivolous.
Turning to defendant's answering appeal, we note that Miller v. Miller, 321 So.2d 318, 321 (La.1975), a Supreme Court case by which we are bound, holds that interest is due on alimony from the time when each support payment becomes due. See also Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir.1980) to the same effect. Accordingly, we hold here in accordance with Miller.
The trial court specifically found that Mr. Morgan was not in bad faith in refusing to pay the alimony in question, but was acting on the advice of his counsel. By this we take it that the trial court felt the "good cause" exception of R.S. 9:305 had been met, exempting plaintiff from the requirement of paying attorney's fees. We find no manifest error in this ruling; in fact, it would be unfair to tax the plaintiff with these fees when he was clearly following Mr. Cabral's advice. Inasmuch as these matters have been on appeal for so long, and the appeals have overlapping and conflicting issues, as well as time periods, we are reluctant to say that the advice of plaintiff's legal counsel was improvidently or frivolously given; and so we affirm the trial court in its refusal to award attorney's fees.
Finally, as to Mrs. Morgan's request for damages and attorney's fees for defending a frivolous appeal, this Court is sorely tempted to agree with her point of view. The resources of the judiciary system are taxed enough with serious litigation and are not to be wasted on efforts to relitigate matters which are res judicataand few cases are so obvious as this one.
However, because Mrs. Morgan has answered this appeal requesting relief other than that connected with a frivolous appeal, and this relief has been granted in part, we find, for these reasons only, that it would be inappropriate for us to award damages and attorney's fees under these circumstances.
For the foregoing reasons, the judgment of the trial court is amended in part to reflect that the total arrearages due to Mrs. Morgan are to bear legal interest from the date each payment became due and remanded to the trial court to calculate the proper amounts. The judgment is affirmed in all other respects. All costs of this appeal shall be borne by plaintiff-appellant.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.