ARMSTRONG, Judge.
Appellee, Helen Turner, sued her former husband, Emile Turner, for past due child support and attorney fees. The trial court awarded her $500 in past due child support and $200 in attorney fees. Emile Turner appeals. We affirm.
On April 27, 1983 the trial court issued a joint custody judgment covering the custody of Bret and Bert Turner by their parents, Emile Turner and Helen Turner. See 455 So.2d 1374. By that judgment physical custody of the children was to alternate annually between the parents. Helen Turner, who assumed custody of the children on July 15, 1983, has a history of mental illness. In the fall of 1983 her illness manifested itself. On Friday, October 14, 1983, Helen Turner checked herself into a hospital. Emile Turner took physical custody of the children on the same day.
On October 17 Emile Turner filed a motion for provisional custody of the children and a rule to show cause why the joint custody judgment should not be modified to grant permanent custody to him. Mr. Turner was granted provisional custody. On November 9, 1983 the trial court held a hearing on that Rule. The court dismissed the rule and returned custody of the children to their mother.
Emile Turner had physical custody of the children from October 14, 1983 to November 9, 1983. Mr. Turner did not make his scheduled October 15, 1983 child support payment. Consequently, Helen Turner filed a rule for executory judgment, contempt, and attorney’s fees against Emile Turner for his failure to make the scheduled October payment. A hearing was held on that Rule on December 14, 1983. Following that hearing the court entered a judgment in favor of Helen Turner for the amount of the October child support payment, $500, as well as $200 in attorney’s fees and court costs.
On appeal Emile Turner first argues that the provisional custody order modified the joint custody judgment, releasing him from his obligation to pay child support to his *742 ex-wife while he had physical custody of the children under that order.
Mr. Turner points to the joint custody judgment which, in pertinent part, reads as follows:
E. SUPPORT
While the father of the twins has their physical custody he shall provide, without exception, all support, maintenance, and care, including housing, school expenses, clothing, food, medical care, etc. —and he shall not be required to pay the mother anything.
While the twins are in the physical custody of their mother, their father shall pay the following:
(a) All medical expenses for the children.
(b) All schooling or educational expenses.
(c) Child support to the mother in the sum of $500.00 per month on the 15th day of each month, in advance.
All other expenses or needs of the children while in their mother’s physical custody are to be paid and furnished by the mother.
The general rule concerning non-payment of child support was enunciated by this court in the case of Hall v. Hall, 379 So.2d 826 (La.App. 4th Cir.1980). In that case the court stated;
Accrued child support is a property right of the party in whose favor it is granted. In computing the amount due under a judgment of support, the father is not entitled to a credit for the time the children resided with him absent a modification of the judgment which made the award. Stated another way, credits based on equitable considerations cannot be applied retroactively against the vested property right of accrued child support and can only be considered prospectively if the child support judgment is amended or altered by a subsequent judgment.
Id., at 828 (emphasis added).
Mr. Turner would have us agree that the provisional custody order modified the original joint custody judgment. However, we are of the opinion the trial judge was correct in interpreting the law and the joint custody judgment. Mr. Turner must modify the joint custody support judgment itself before his obligation to pay child support would be suspended. In that section of the joint custody judgment entitled “support” the term “physical custody” can fairly be read as pertaining to the following portion of the joint custody judgment:
A. PHYSICAL CUSTODY
The physical possession, care, custody and control of the twins is to be alternated annually between the two parents. The year shall begin on July 15th and end July 14th the following year, and thq first year will start on July 15, 1983, at which time physical custody is to be with the mother, Helen Turner ...
When the joint custody judgment referred to physical custody it was referring to that section of the judgment setting out the alternating annual custody of the children and not to any type of temporary arrangements for the physical custody of the children. The trial court made that clear. Thus absent a modification of the joint custody judgment Mr. Turner was still required to pay child support for the month of October.
In addition Emile Turner claims that the trial court incorrectly awarded attorney fees to Helen Turner. L.S.A.-R.S. 9:305 states, “When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.” Emile Turner argues that, “[a]ctions taken on advice of counsel, even when that advice is erroneous have been held to constitute the good ‘cause’ which will preclude an award of attorneys fees under R.S. 9:305.”
We agree that refusal to pay child support or alimony on advice of counsel constitutes “good cause” under 9:305. Morgan v. Morgan, 452 So.2d 255 (La.App. 5th Cir.1984). However at the hearing, neither Mr. Turner nor his counsel argued that Mr. Turner should not be required to pay attorney fees because he was following *743 his attorney’s legal advice. Therefore, we must find that Mr. Turner did not show “good cause” for his failure to pay child support and consequently that Helen Turner is entitled to attorney fees under R.S. 9:305.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
LOBRANO, J., concurs.