DOMENGEAUX, Judge.
The plaintiff has appealed from a judgment on a rule which granted her $65.00 as past due child support, but refused to award her attorney’s fees and hold her former husband in contempt of court.
In their divorce judgment dated November 29,1983, the wife was awarded custody of their two minor children, subject to specific visitation privileges by the husband, and the latter was ordered to pay as child support $125.00 on the 5th and 20th day of each month. Mr. Foster paid only $65.00 on June 20,1985, and a like amount on July 5th and July 20th. He paid $60.00 on the August 5th payment. His reason for not paying the full support in June and July was that the children were with him for two weeks in each of these months under the visitation order and he was supporting *642 them during those times. He gave no reason for not paying the full amount due on August 5th. When the rule was tried, he was deficient $245.00 in his child support obligation under the judgment.
In his oral reasons for judgment the trial judge said in part: “Well, its been a common practice of this court for the past two years to allow credit for child support whenever the father had the children for half the time, and so we are going to allow that credit for June and July.”
We find that he erred in this respect. Although the rule is subject to some criticism, under our jurisprudence the child support award must be complied with until modified by judicial decree,[1] regardless of the fact that the other spouse is otherwise supporting the children. Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir.1974), writ denied, 293 So.2d 179 (La.1974); writ denied, 293 So.2d 187 (La.1974); James v. Spears, 372 So.2d 617 (La.App. 1st Cir.1979); Hall v. Hall, 379 So.2d 826 (La.App. 4th Cir.1980); Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir.1980). The judgment therefore will be amended to fix the past due support at $245.00.
We also find that the trial judge erred in not awarding attorney’s fees to the wife under the facts of this case. La.R.S. 9:305 provides that “[w]hen the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.” We note that in James v. Spears, supra, the court concluded that there was no abuse of discretion by the trial judge in denying attorney’s fees where the children were living with the husband and he was supporting them. While this and the erroneous custom of the trial court might otherwise constitute “good cause” for not awarding attorney’s fees under La.R.S. 9:305, there is no indication in the record that Mr. Foster relied on the custom or any bad legal advice. Furthermore, he offered no justification whatsoever for paying only $60.00 rather than the full $125.00 that was due on August 5, 1985. See Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir.1983). Also, this is the second time that the wife has had to file a rule to recover past due support. We are convinced that there was an abuse of discretion by the trial court in denying attorney’s fees to the wife under the statute.
All things considered, we believe that $500.00 is a reasonable fee for the legal services rendered both on the trial level and in this Court and the judgment will also be amended to include such award.
In regard to the rule for contempt, whether or not the husband wilfully disobeyed the prior judgment is also a matter that is within the wide discretion of the trial judge. James v. Spears, supra. From our review of the record we cannot say that he was clearly wrong in refusing to hold Mr. Foster in contempt.
For the foregoing reasons, the judgment appealed from is amended to increase the award of past due support from $65.00 to $245.00 and also to award appellant the sum of $500.00 as attorney’s fees. As so amended, it is affirmed at appellee’s costs.
AMENDED AND AFFIRMED.

. Such payments also may be suspended by an agreement of the parties if it is not detrimental to the child’s best interests. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).