# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**08-1463**


**JARED JAMES CRADEUR**

**VERSUS**

**PAULETTE DENICE RICHARD CRADEUR**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-2297
HONORABLE LILYNN A. CUTRER, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy and J. David Painter, Judges.


**AFFIRMED, AS AMENDED.**


Jonathan L. Johnson
Johnson & Vercher, L.L.C.
910 Ford Street
Lake Charles, LA 70601
(337) 433-1414
COUNSEL FOR PLAINTIFF/APPELLANT:
        Jared James Cradeur

Todd H. Melton
Todd H. Melton, L.L.C.
616 Kirby Street
P.O. Box 847
Lake Charles, LA  70601
(337) 439-2979
COUNSEL FOR DEFENDANT-APPELLEE:
        Paulette Denise Moss Cradeur

**COOKS, Judge.**

Paulette Denise Richard Cradeur (hereafter Paulette) and Jared James Cradeur (hereafter Jared) were married on August 14, 1998. One child was born to the couple, Katelyn Cradeur.

On May 1, 2001, Jared filed for divorce based on alleged adulterous acts committed by Paulette. He sought joint custody of Katelyn, with Paulette named domiciliary parent and specified visitation for him. The divorce became final on July 27, 2001. On that same date, Paulette filed an "Answer to Petition for Divorce and Determination of Incidental Matters." The parties entered into a joint stipulation, which was also filed on July 27, 2001, in which they agreed to share joint custody of Katelyn, with Paulette designated domiciliary parent and Jared having specified visitation. There was no order for Jared to pay child support.

On May 10, 2002, the parties entered into another joint stipulation, which was made a judgment, in which they agreed to retain joint custody of Katelyn, but Jared would be domiciliary parent and Paulette would have specified visitation. Paulette was ordered to pay Jared $300.00 per month in child support. The record indicated the parties entered into this stipulation because Katelyn had been living with Jared.

On January 4, 2006, the parties filed a "Joint Motion for Entry of Shared Custody and Child Support Agreement," in which they agreed to a shared custody arrangement, with each designated co-domiciliary parents. The parties stated they would make arrangements with each other concerning visitation. They also agreed that Jared would pay Paulette $250.00 per month child support.

On September 27, 2007, Paulette filed a "Rule to Change Custody and Child Support," seeking joint custody of Katelyn, with her designated domiciliary parent and specified visitation for Jared. She maintained she was always the primary care

giver and Jared had always exercised every other weekend visitation, and she wanted paperwork to reflect that arrangement. Jared answered and asserted they had been exercising shared custody and seeking joint custody with him designated as domiciliary parent. Jared sought a judgment finding Paulette in contempt of court for her failure to pay child support to him from April 1, 2002 through January 4, 2006. The parties were ordered to mediation, which was unsuccessful. The parties stipulated to an "Order for Mental Health Assistance," to meet with Katelyn and make recommendations on whether the current access schedule of week to week was in Katelyn's best interest.

The trial on the rule for modification of custody and contempt was held on February 26, 2008. At the beginning of trial, the parties stipulated to a custody and visitation arrangement. In addition, the parties stipulated that the recalculation of child support would be set before the hearing officer. Thus, the only remaining issue was the contempt rule against Paulette for her alleged failure to pay child support. At the conclusion of trial, the matter was taken under advisement.

The trial court issued judgment finding Paulette owed Jared child support in the amount of $5,100.00, which was for the eighteen months from April 2002 though October 2003, when Katelyn resided with Jared, minus a credit of $300.00 for the one payment Jared acknowledged receiving from Paulette. The trial court did not award any past due child support for the period from October 2003 through January 2006, finding during this period Katelyn was primarily residing with Paulette, and thus no support was warranted. The trial court did not find Paulette in contempt of court and did not award Jared attorney fees. Jared appealed the trial court's judgment, finding it erred in failing to award the full amount of past-due child support and reasonable attorney fees.

# ANALYSIS

Louisiana Code of Civil Procedure article 3946 sets forth the law on recovering support payments that are in arrears. It provides:

> A. When a payment of support under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due support determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due support.

Jared notes the article does not give the trial court any discretion in rendering judgment for the past due amount; it provides the court "*shall* render judgment for the amount of past due support." The jurisprudence supports that contention, and does not allow the trial court the discretion to consider equitable arguments in matters of past due support. In *Rivers v. Rivers*, 402 So.2d 733, 734 (La.App. 4 Cir. 1981) (footnote omitted), the court stated:

> The provisions of Article 3945 [now 3946] do not give any discretion to the trial court when it is proved that payments are in arrears. The courts are not empowered by equity or otherwise to nullify or reduce accumulated alimony until a previous judgment awarding alimony has been amended or reduced by subsequent judgment or terminated by operation of law.

In *Whitt v. Vauthier*, 316 So.2d 202, 206 (La.App. 4 Cir.), *writ refused*, 320 So.2d 558 (La.1975) (citations omitted), the court similarly explained:

> This article [then La.Code Civ.P. art. 3945, now 3946] does not leave any discretion with the court as to whether judgment is to be given if there is proof that payments are in arrears. . . .
> The only remedy available to a father to relieve himself of the obligation of paying child support imposed by a judgment is by proceeding to have the judgment amended, suspended or terminated. Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right, until the judgment is altered or amended by subsequent judgment or is terminated by operation of law. Courts have also disallowed attempts at reduction of past due alimony and child support instigated by judgment debtors based on their inability to pay. This further demonstrates the courts' reluctance to allow equity to interfere with collection of past due support payments pursuant to enforceable final judgments.

We note the trial court did not find that the past due child support payments were not in arrears, but instead relied on equity concerns to in effect reduce the support payments that were agreed to by both parties. As the *Rivers* and *Whitt* courts specifically noted, such action is not within the province of the trial court.

This court in *Foster v. Foster*, 499 So.2d 641 (La.App. 3 Cir. 1986), addressed a factually similar situation. In *Foster*, the father was ordered to pay $125.00 in support on the 5th and 20th of each month. However, for three months the father only paid $60.00 instead of the full $125.00, claiming the children were residing with him and he was supporting them during that time. The trial court did not award the full amount of past due support requested by the mother, granting the father a credit for the time the children were her. This court reversed, finding the trial court erred in granting the father a credit, stating:

> Although the rule is subject to some criticism, under our jurisprudence the child support award must be complied with until modified by judicial decree, regardless of the fact that the other spouse is otherwise supporting the children. *Simon v. Calvert*, 289 So.2d 567 (La.App. 3rd Cir.1974), *writ denied*, 293 So.2d 179 (La. 1974); *writ denied*, 293 So.2d 187 (La. 1974); *James v. Spears*, 372 So.2d 617 (La.App. 1st Cir.1979); *Hall v. Hall*, 379 So.2d 826 (La.App. 4th Cir.1980); *Gautreaux v. Gautreaux*, 382 So.2d 996 (La.App. 1st Cir.1980). The judgment therefore will be amended to fix the past due support . . .

The trial court was aware of this court's ruling in *Foster*, but declined to follow its rule of law, instead relying on equity to not award the full amount of past due support. The trial court wrote:

> This Court acknowledges that the Third Circuit Court of Appeals has issued [*Foster*] and this Court should follow it as precedent. However, this Court feels strongly that to apply this rule to the specific facts of the instant case would not be fair and just or in the best interest of Katelyn.

Although we are sympathetic to the reasons set forth by the trial court for its judgment in this case, they simply are contrary to established law and jurisprudence, and as a matter of law are unsupportable. Therefore, we amend the judgment to

award the full amount of past due support for the time period that Paulette was legally obligated to pay child support, minus the credit for any payments made.

Jared also argues the trial court erred in refusing to award him reasonable attorney fees and assess court costs against Paulette. La.R.S. 9:375 is the controlling statute, and provides in pertinent part:

> A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.

The statute only allows the trial court discretion to not award attorney fees and costs if "good cause" is shown. The trial court's written reasons did not set forth any specific finding of "good cause shown." However, it can be assumed the trial court did not award attorney fees because it found the evidence presented by Paulette that Katelyn actually resided with her for a majority of the time that the child support payments were due sufficient to constitute "good cause." For the following reasons, we agree.

This court in *Foster. 499 So.2d at 642,* noted "in *James v. Spears*, supra., the court concluded that there was no abuse of discretion by the trial judge in denying attorney's fees where the children were living with the husband and he was supporting them." This court in *Foster* acknowledged that such a reason could be sufficient to constitute good cause. Therefore, finding no manifest error in the trial court's factual conclusions that from October 2003 through January 2006, Katelyn was primarily residing with Paulette, we find the trial court did not abuse its discretion in refusing to award attorney fees and costs to Jared.

## DECREE

For the foregoing reasons, the judgment of the trial court awarding Jared James

Cradeur $5,100.00 in past due child support is amended to award the full amount due, $13,500.00. The portion of the judgment denying attorney fees and costs to Jared James Cradeur is affirmed. Costs of this appeal are to be assessed one-half to each party.

**AFFIRMED, AS AMENDED.**